IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| **FLOYD STEVE BALES, individually and on behalf of all those similarly situated,**<br><br>     **Plaintiff,**<br><br>vs.<br><br>**BRIGHT SOLAR MARKETING LLC,**<br><br>     **Defendant.** | Case No. _____ |

**NOTICE OF REMOVAL**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

COMES NOW Defendant, Bright Solar Marketing LLC ("BSM"), by and through counsel, expressly preserving all defenses, and timely files this Notice of Removal, hereby removing this civil action, styled *Floyd Steve Bales, individually and on behalf of all those similarly situated v. Bright Solar Marketing LLC*, Case No. 21-CA-1585, from the Circuit Court of Marion County, Florida (the "State Court Action"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453  to the United States District Court for the Middle District of Florida.

**Nature of the Action**

1. In this putative class action, Plaintiff alleges that he received telephonic sales calls from BSM for certain goods and services in violation of the recently amended Florida Telephone Solicitation Act (the "FTSA"), which became effective on July 1, 2021. Specifically, Plaintiff claims that BSM used an automated system for phone number selection or dialing and that he received a recorded sales message without his prior written consent. Plaintiff further alleges that BSM violated the FTSA by making telephonic sales calls to numbers placed on Florida's "no sales solicitation calls" list and making commercial solicitation calls before 8 a.m. or after 8 p.m., local

time. Plaintiff seeks an award of statutory damages, prejudgment interest, attorney fees, and punitive damages.

## State Court Proceedings

2. On August 26, 2021, Plaintiff filed the State Court Action, which is currently pending as Case No. 21-CA-1585. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 1.06, copies of all process, pleadings, and orders on file in the state court are attached as **Exhibit** A. The state court docket sheet is attached as **Exhibit B**.

3. BSM was served with the summons and complaint on September 1, 2021. Accordingly, this Notice of Removal is timely filed.

## Original Jurisdiction Under the Class Action Fairness Act

4. BSM is a Delaware limited liability company that maintains its principal place of business in California.

5. Plaintiff is alleged to be both a citizen and a resident of Marion County, Florida. *See* Compl. ¶ 9.

6. Plaintiff seeks to represent three classes:

   a) All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff (the "**Florida Autodial Class**");

   b) All persons in Florida, (1) whose telephone numbers appear on the then-current "no sales solicitation calls" list, and (2) who received unsolicited telephone sales call from the Defendant or their agent(s) (the "**Florida DNC Class**"); and

   c) All persons in Florida, who (1) received a commercial solicitation call from the Defendant, (2) before 8 a.m. or after 8 p.m. in their local time zone (the "**Florida Unlawful Call Time Class**").

2

7. The complaint sets forth three counts: Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, on behalf of Plaintiff and the Florida Autodial Class (Count I); Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059, on behalf of Plaintiff and the Florida DNC Class (Count II); and Violation of the Florida Telephone Solicitation Act, Fla. Stat. §§ 501.601 through 501.626, on behalf of Plaintiff and the Florida Unlawful Call Time Class (Count III).

8. Under CAFA, a federal district court has original jurisdiction over class actions involving (a) minimal diversity, i.e., diversity between any defendant and any putative class member; (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d).

9. As set forth below, the parties are minimally diverse, the proposed class exceeds 100 members, and the aggregate amount in controversy exceeds $5 million.

**A.     There is Minimal Diversity.**

10. Plaintiff is alleged to be a citizen of Florida. *See* Compl. ¶ 9.

11. BSM is deemed a citizen of Delaware and California, its state of organization and principal place of business, respectively. *See* 28 U.S.C. § 1332(d)(10); *see also* Compl. ¶ 10.

12. There is minimal diversity under 28 U.S.C. § 1332(d)(2)(A) because at least one putative class member is of diverse citizenship from BSM.

**B.     The Proposed Class Exceeds 100 Members.**

13. Plaintiff seeks to represent every person in Florida, since the July 1, 2021 effective date of the FTSA amendments, (1) who received a telephonic sales call regarding goods and/or services using the same equipment or type of equipment utilized to call the plaintiff; (2) whose telephone number(s) appear on the then-current "no sales solicitation calls" list, and received

3

unsolicited telephone sales call from BSM or its agent(s); and (3) who received a commercial telephone solicitation call from BSM before 8 a.m. or after 8 p.m. in their local time zone.

14. From July 1, 2021 through September 1, 2021, BSM made calls to over 10,000 phone numbers with Florida area codes.

15. Accordingly, CAFA's 100-member requirement is satisfied.

**C.    The Aggregate Amount-in-Controversy Exceeds $5 million.**

16. CAFA instructs the Court "to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

17. Although Plaintiff has not alleged the amount of damages at issue in this case, CAFA's amount in controversy threshold is met here based on the allegations and the jurisdictional evidentiary record.

18. The complaint seeks a minimum of $500.00 in damages for each violation of Fla. Stat. § 501.059 (Counts I and II), and "actual and/or punitive damages . . . including costs, court costs, and attorney's fees" for each violation of Fla. Stat. § 501.616(6)(a).

19. Each alleged violation carries a potential damages amount of at least $500 per violation; thus, the $5,000,000 threshold is crossed if there are more than 10,000 violations. Here, even if the complaint alleges only one violation per each of more than 10,000 potential members, not including attorneys' fees, which are also sought and recoverable under FTSA, Fla. Stat. § 501.625, the amount in controversy exceeds $5,000,000, excluding the claims for attorney's fees and punitive damages, which, when included, would increase the amount in controversy far beyond the $5,000,000 threshold.

**Venue and Procedure**

20. Pursuant to 28 U.S.C. § 1446(b), this Notice is timely filed within thirty (30) days of service of the Complaint on BSM. BSM was served with the Summons and Complaint on September 1, 2021.

21. As of the date of removal, BSM has not filed a responsive pleading to the Complaint.

22. Pursuant to 28 U.S.C. § 1441(a), this is the appropriate Court to receive this Notice of Removal, as the State Court Action is pending in the Circuit Court of Marion County, Florida, which is within the Middle District of Florida. Therefore, this Court is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

23. Pursuant to 28 U.S.C. § 1446(a), BSM attaches true and correct copies of all Pleadings served on it in the State Court Action as **Exhibit A**.

24. Pursuant to 28 U.S.C. § 1446(d), counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Marion County, Florida.  A copy of the Notice of Filing Notice of Removal filed with the state court is attached hereto as **Exhibit C.**

25. In light of the foregoing, removal of this case to the United States District Court for the Middle District of Florida is proper.

26. In filing this Notice of Removal, BSM does not waive, and expressly preserves, any and all defenses to the Complaint, including, but not limited to, defenses of personal jurisdiction and improper venue, and reserves the right to move the Court concerning any such defenses upon removal to this Court.

WHEREFORE, BSM respectfully notifies this Court, the state court, and Plaintiff of the removal of this action from the Circuit Court of Marion County, Florida, to the United States District Court for the Middle District of Florida.

RESPECTFULLY SUBMITTED on October 1, 2021.

By: */s/ Irene Oria*
Irene Oria (Fla. Bar No. 484570)
FISHERBROYLES LLP
1221 Brickell Ave., Suite 900
Miami, FL 33131
Telephone: (786) 536-2838
Irene.oria@fisherbroyles.com

**ATTORNEYS FOR DEFENDANT
BRIGHT SOLAR MARKETING LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2021, electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the counsel of record identified on the Service List below.

/s/ Irene Oria
Irene Oria, Esq.

## SERVICE LIST

Stefa Coleman, Esq.
**Law Offices of Stefan Coleman, P.A.**
201 S. Biscayne Blvd, 28th Floor
Miami, Florida 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946
Email: law@stefancoleman.com

Avi R. Kaufman, Esq.
**Kaufman P.A.**
400 Northwest 26th Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com