IN THE CIRCUIT COURT OF
THE FIFTH JUDICIAL CIRCUIT,
IN AND FOR MARION COUNTY, FLORIDA

FLOYD STEVE BALES, individually and
on behalf of all those similarly situated,

                Plaintiff,

Case No.:

v.

BRIGHT SOLAR MARKETING LLC,

                Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Floyd Steve Bales, appearing both individually and on behalf of all others similarly situated, by and through his attorneys, brings this class action against Defendant, Bright Solar Marketing LLC, based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

### NATURE OF THE ACTION

1. This is a class action under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2. Defendant Bright Solar Marketing sells consumer leads to businesses selling solar power solutions throughout the U.S.[2]

3. Defendant Bright Solar provides home solar system quotes to consumers from various solar business near the consumers.[3]

---

[1] The amendment to the FTSA became effective on July 1, 2021.

[2] https://www.linkedin.com/company/bright-solar-marketing/

4. Defendant Bright Solar places outbound telemarketing calls to consumers across the US, to generate leads of consumers interested in purchasing solar solutions or products.

5. Defendant Bright Solar also places automated cold calls using prerecorded voice messages.

6. Defendant Bright Solar also knowingly places multiple calls to consumer phone numbers that are registered on the national DNC list regardless of whether they have consent to place such calls or not.

7. By doing so, Defendant Bright Solar has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 and the Florida Telemarketing Act, Fla. Sta. § 501.616 et al. Defendant has caused Plaintiff and Class Members to suffer injuries as a result of placing unwanted calls to their phones.

8. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the FTSA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

## THE PARTIES

9. Plaintiff Floyd Steve Bales ("Plaintiff" or "Bales") is a citizen and resident of Marion County, Florida.

10. Defendant, Bright Solar Marketing ("Defendant" or "Bright Solar") is a limited liability company registered in Delaware with its principal place of business in Temecula, California.

11. Bright Solar provides domestic solar power solutions to consumers by selling

---

[3] https://www.linkedin.com/company/bright-solar-marketing/

leads of interested consumers to solar power businesses in their area. Bright Solar conducts business throughout the US, including in Florida.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000, exclusive of interest, costs, and attorneys' fees.

13. Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with Florida. Defendant made or caused to be made telephonic sales calls into Florida without the requisite prior express written consent in violation of the FTSA. Plaintiff and Class Members received such calls from the Defendant while residing in and physically present in Florida.

14. Venue for this action is proper in this Court because all facts giving rise to this action occurred in this Circuit.

## STATEMENT OF FACTS

15. Plaintiff Bales registered his cell phone number on the DNC on July 19, 2018.

16. Plaintiff Bales uses his cell phone for personal use only. It is not used as a business number.

17. In early July 29, 2021, Plaintiff Bales received a pre-recorded voicemail from Defendant Bright Solar to his cell phone.

18. The pre-recorded voicemail message said:

> "Hey there, it's John at Bright Solar Marketing. Just wanted to reach out give me a call back when you have a moment 951-277-6970. I look forward to hearing from you."

3

19. On calling the phone number 951-277-6970, the call back number provided in the pre-recorded message, it is answered by a voice message which says, "Thank you for calling Bright Solar on a recorded line. How can I help you?"

20. On July 19, 2021, at 6:11 PM, Plaintiff Bales received an autodialed call from the phone number 352-234-8953 to his cell phone.

21. Plaintiff Bales answered the call and spoke to an agent, who identified the company as Defendant Bright Solar. Plaintiff asked the agent to stop calling him as he was not interested in purchasing solar products.

22. On July 20, 2021, at 7:14 AM, Plaintiff Bales received another automated call from the same phone number 352-234-8953. Plaintiff Bales answered this call, and it was a silent call with no one on the other end.

23. Plaintiff Bales received multiple unsolicited telemarketing calls from Defendant Bright Solar within a 12-month period, without having given his consent to receive any calls from them.

**Online Complaints and Reviews Showing Bright Solar Places Such Telemarketing Calls**

24. Defendant Bright Solar's website contains a hyperlink for "Careers" which redirects users to the Defendant's page on the website Indeed.com. This webpage contains several reviews from Defendant's employees about their experience of working at Bright Solar. It is clear from these reviews that the Defendant operates Call Centers and places outbound telemarketing calls to consumers.[4]

25. Defendant Bright Solar employees place outbound calls to numerous such consumers who have never given their consent to be called by the Defendant, including many

---

[4] https://www.indeed.com/cmp/Bright-Solar-Marketing-1

4

phone numbers which are on the National Do Not Call Registry, like Plaintiff Bales'. Multiple employees have mentioned this in their reviews. For instance:

**Fickled work environment**

Call Center Representative (Former Employee) - Temecula, CA - September 11, 2020

Working at bright solar, right off the bat, the commission amount wasn't completely verified nor talked about. When I was interviewed, I was told all the calls are inbound. While working the calls are majority outbound. The outbound calls are old leads, 1 year or more. Managers expect you to "hammer down on the leads" until they request to never be called again.

✓ **Pros**
Free lunch and commission check

✗ **Cons**
Isn't what seems to be and very old leads

[5]

**Easy going and fun place to work**

Prospect development (Current Employee) - Las Vegas, NV - February 25, 2021

Can be a bit frustrating if you are a experienced salesperson because you will feel underwhelmed by the monotony of the calls. A lot of cold calls and angry customers but fair amount of warm leads to call. Culture is great, managers are very easy going and determined to make this company successful. Supervisors never micromanage and are super cool. Just good environment in general and they always try to make things fun. They don't schedule your breaks/lunch so you have the freedom do things when you need or want to, as long as that's not abused. People that work here are generally nice and easy to get along with. Not any rifts or cliques that just make things awkward or unenjoyable. Hourly pay could be better, but you have the ability to earn a good amount in commission. People can hit over $1,000 in commission every two weeks if you really work for it, but if you slack off and aren't willing to work for your money, you aren't going to make much at all. Self starter, discipline, motivation, consistency, positive mental attitude, these are all things that will help your experience, just like any other sales position. The benefit of a good leadership team and support system just helps that process become easier. Overall, pretty great place to work.

✓ **Pros**
Different shifts, no scheduled breaks/lunch, laid back management

✗ **Cons**
Low hourly pay, a lot of bad leads

[6]

---

[5] https://www.indeed.com/cmp/Bright-Solar-Marketing-1/reviews

26. There are numerous complaints posted online from consumers who received multiple unsolicited calls from Defendant Bright Solar, including allegations of calls that were pre-recorded, for instance:

- "This is not a business. It is a cancer. I don't know how they have my phone number, but they have called me as many as 7 times every day for the past week. No messages left. When I call the number back, it's invalid. When I Googled the company and found a toll free contact number, I called it. It went to a hold message. No answer. I can't imagine any potential customer would overlook this infuriating practice and give them business. It is harassment. They are a cancer. I reported them to AT&T (my cell provider) and to the FTC (I'm on the DNC list)."[7]

- "No idea how they got my number. They call 3-4 times a day, it's like whack a mole they call from one number and I block it. Then they call back an hour later from another number. Do they honestly think this is the best way to get customers??"[8]

- "Bright Solar Marketing has 20 out of 22 reviews being 1-star. This company just needs to go away. They call multiple times a day from multiple numbers and don't stop. When I answered to tell them to stop calling me, they hung up on me after they asked if I was available. I will never do business with them or anyone using

---

[6] *Id.*

[7] https://www.google.com/search?q=bright+solar+marketing

[8] *Id.*

6

their tactics, they should understand that and stop calling me. I am adding another 1 star review."[9]

- "This place IS terrible they call 3 times an hour every day it is so unprofessional every time they call I answer and say Im NOT INTERESTED by the way they call they Call makes them look like a non legitimate company they are ridiculous they need to stop. They are so annoying for a company I dont even know how they got my number they need to stop!"[10]

- "I keep getting calls as many times as three times a day from this company. I have repeatedly asked them and then demanded that they stop calling, and to put me on their do not call list. Every time they call I block their number, they call from a different number. I will be filing an FCC complaint. And if I were to ever consider getting solar, I can assure you I will never, ever use this company. Ever."[11]

- "There telemarketing has like 10 different numbers and has called my cell phone number 25 times in two days. I called them back to remove my number twice and called them and said I have a condo can't have solar. Stop calling me and I am definitely NOT INTERESTED!!!!!"[12]

---

[9] *Id.*

[10] https://www.google.com/search?q=bright+solar+marketing

[11] *Id.*

[12] *Id.*

- "I'm not interested in working with them and they won't stop calling! They don't leave a message. I've tried blocking their numbers, but they just use different ones. I never contacted them about solar power. They're relentless."[13]

- "Not sure how many more phone calls I need to answer or block for you to stop calling me. Is there a way to sue them? It's ridiculous! Stop calling me!"[14]

- "CONSTANT STALKING CALLS I DON'T EVEN OWN A HOUSE 10 TIMES A DAY THEY HAVE BEEN CALLING FROM DIFFERENT NUMBERS. I DON'T KNOW HOW THEY GOT MY CELL #. I CALLED THEM BACK THEY KNEW WHO WAS CALLING AND I STATED I DON'T OWN A HOME STOP CALLING! SHE HUNG UP ON ME. SO FAR I CONTINUE TO BLOCK NUMBERS AND THEY CONTINUE TO CALL!!!!"[15]

27. In addition, other consumers have posted pre-recorded voicemail messages they received from Defendant Bright Solar Marketing which are the exact same pre-recorded voice message received by Plaintiff Bales:



[16]

---

[13] *Id.*

[14] *Id.*

[15] *Id.*

[16] https://whodir.youmail.com/directory/phone/9092852147

8

**Typical Message Mentioning (951) 277-6970**

Hey there, it's John at bright silver marketing just wanted to reach out give me a call back when you have a moment 951-277-6970. I look forward to hearing from you.

[17]

28. Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with prior express written consent to receive the telephone calls at issue.

29. Defendant does not have any record of express written consent to place telemarketing calls, or calls featuring an artificial or prerecorded voice, to Plaintiff or to members of the proposed classes.

30. In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS REPRESENTATION ALLEGATIONS

31. Plaintiff seeks to represent a class of similarly situated individuals pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3), consisting of:

---

[17] https://directory.youmail.com/directory/phone/9512776970

**Florida Autodial Class:** All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.

**Florida DNC Class:** All persons in Florida, (1) whose telephone numbers appear on the then-current "no sales solicitation calls" list, and (2) who received unsolicited telephone sales call from the Defendant or their agent(s).

**Florida Unlawful Call Time Class:** All persons in Florida, who (1) received a commercial solicitation call from the Defendant, (2) before 8 a.m. or after 8 p.m. in their local time zone.

32. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

33. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

**Numerosity**

34. Members of the Class are so numerous that their individual joinder is impracticable.

35. On information and belief, Members of the Class number in the thousands.

36. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

37. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

### Commonality

38. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

39. Common legal and factual questions include, but are not limited to, whether Defendants have violated the Florida Telephone Solicitation Act ("FSCA"), Fla. Stat. §§ 501.059 and 501.616, and violated Plaintiff's rights in violation of Florida law; and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

### Typicality

40. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephone sales calls from the Defendant without giving them his consent to receive such calls.

### Adequacy of Representation

41. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class Members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.

42. The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

### Superiority

43. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

44. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

45. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

46. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

47. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

48. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff Bales and the Florida Autodial Class**

49. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50. Plaintiff brings this claim individually and on behalf of the Class Members against Defendant.

51. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

52. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

53. Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

54. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

55. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

56. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## COUNT II
### Violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059
### On Behalf of Plaintiff Bales and the Florida DNC Class

57. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of the Class Members against Defendant.

59. It is a violation of the FTSA to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department." Fla. Stat. § 501.059(4)

60. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

61. In violation of the FTSA, Defendant made and/or cased to be made unsolicited telephone sales calls to Plaintiff Bales, and other members of the Florida DNC Class despite their telephone numbers appearing on the quarterly listing published by the department.

62. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

14

## COUNT III
### Violation of the Florida Telemarketing Act,
### Fla. Stat. §§ 501.601 through 501.626
### On Behalf of Plaintiff Bales and the Florida Unlawful Call Time Class

63. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

64. Plaintiff brings this claim individually and on behalf of the Class Members against Defendant.

65. It is a violation of the Florida Telemarketing Act, for a "commercial telephone seller or salesperson" to make "a commercial telephone solicitation phone call before 8 a.m. or after 8 p.m. local time in the called person's time zone", "including calls made through automated dialing or recorded message." Fla. Stat. § 501.616(6)(a).

66. A "commercial telephone solicitation" means "an unsolicited telephone call to a person initiated by a commercial telephone seller or salesperson, or an automated dialing machine used in accordance with the provisions of s. 501.059(8) for the purpose of inducing the person to purchase or invest in consumer goods or services;" Fla. Stat. § 501.603(1)(a).

67. A "commercial telephone seller" means "a person who engages in commercial telephone solicitation on his or her own behalf or through salespersons." Fla. Stat. § 501.603(2).

68. In violation of the Florida Telemarketing Act, Defendant made and/or knowingly allowed commercial telephone solicitation phone calls to be made to the Plaintiff and the Class Members before 8 a.m. or after 8 p.m. local time in the called person's time zone.

69. As a result of Defendant's conduct, and pursuant to Fla. Stat. § 501.625, Plaintiff and Class members were harmed and are each entitled to recover actual and/or punitive damages for each violation, including costs, court costs, and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Florida Rule of Civil Procedure 1.220 and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

(i) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: August 25, 2021              Respectfully submitted,

                                    By:  /s/ Stefan Coleman

                                         Stefan Coleman (FL Bar no. 30188)
                                         law@stefancoleman.com
                                         **Law Offices of Stefan Coleman, P.A.**
                                         201 S. Biscayne Blvd, 28th Floor
                                         Miami, FL 33131
                                         Telephone: (877) 333-9427
                                         Facsimile: (888) 498-8946

                                         Avi R. Kaufman, Esq. (Florida Bar No. 84382)
                                         **KAUFMAN P.A**
                                         400 Northwest 26th Street
                                         Miami, Florida 33127
                                         kaufman@kaufmanpa.com
                                         (305) 469-5881

                                    *Counsel for Plaintiff and all others similarly situated*