UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FLOYD STEVE BALES,**

    **Plaintiff,**

**v.**                                                    Case No: 5:21-cv-496-JSM-PRL

**BRIGHT SOLAR MARKETING LLC,**

    **Defendant.**

_____

**ORDER**

Before the Court in this Florida Telephone Solicitation Act case is Plaintiff's opposed motion to compel Defendant to produce records of calls to putative class members and their consent to these calls. (Doc. 16). For the reasons stated below, Plaintiff's motion is granted.

    **I.**    **Background**

Plaintiff brings claims pursuant to the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. §§ 501.059(4) & (8)(a), and the Florida Telemarketing Act ("FTA"), Fla. Stat. § 501.616(a). (Doc. 16 at 2). Plaintiff alleges Defendant violated these acts by calling him: (1) using an auto dialer, (2) despite his number being on a no-call list, and (3) before 8 a.m. or after 8 p.m. (Doc. 16 at 2). Further, although Plaintiff has yet to seek class certification, he seeks to represent three classes:

> **Florida Autodial Class:** All persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff.
>
> **Florida DNC Class:** All persons in Florida, (1) whose telephone numbers appear on the then-current "no sales solicitation calls" list, and (2) who received unsolicited telephone sales call from the Defendant or their agent(s).

> **Florida Unlawful Call Time Class:** All persons in Florida, who (1) received a commercial solicitation call from the Defendant, (2) before 8 a.m. or after 8 p.m. in their local time zone.

(Doc. 16 at 2). While Defendant purportedly admitted during discovery that it, rather than a vendor, called Plaintiff and the putative class members, its answer to the Complaint raises the affirmative defense of "prior express written **consent** of the called party." (Doc. 5 at 13) (emphasis added).

On January 6, 2022, Plaintiff served on Defendant requests for document production—two of which are at issue here:

> **Request No. 21**: Please produce all documents containing any of the following information for each outbound solicitation call sent by you or your vendors: a) the date and time; b) the caller ID; c) any recorded message or dialing system used; d) the result; e) identifying information for the recipient; and f) any other information stored by the call detail records.
>
> **Request No. 24**: To the extent Defendant asserts that Defendant obtained consent or permission to contact Plaintiff or putative class members based on a visit to a website, produce documents that identify those website(s) and the specific page(s) on those website(s) that you claim constitute consent or permission.

(Doc. 16 at 4-5). On February 21, 2022, Defendant served its responses, objecting to Request No. 21 ("call records") and Request No. 24 ("consent records") respectively:

> **ANSWER: BSM objects to this Request on the basis that it is overly broad and unduly burdensome. In effect, this Request seeks the names, personally identifying information, and other sensitive information concerning every member of one or of the putative classes sought in this case. Such a request is premature as no class certification motion has been filed, let alone been granted. Moreover, the production of such information without the consent of the putative class members likely would violate those individuals' privacy interests without justification. Accordingly, BSM declines to produce documents responsive to this Request.**

> **ANSWER: Subject to and without waiving its objections, BSM will produce nonprivileged documents, if any, responsive to this Request.**

(Doc. 16-1 at 16).

Defendant's refusal to produce call records resulted in an April 12th conferral where counsel stated it would produce the documents the following week. (Docs. 16 at 15 & 19 at 2). However, on April 18th, Defendant stated it was refusing to produce call records until a protective order was in place. (Doc. 16 at 15). On May 18, 2022, the parties executed a protective order, and the defendant produced documents, besides call records for the putative class and consent records for the putative class. *Id.*

Conferring on June 9th, Defendant stated it would subsequently advise on its position for producing these documents, but it told Plaintiff it was still unsure on June 16th. *Id.* at 15-16. On June 30th, the parties conferred, reaching an impasse on the call records, but Defendant stated it would supplement class information for the consent records in the following weeks. *Id.* On July 21, 2022, Defendant produced thirty-five pages of documents relating to Plaintiff's purported consent, "most of which it had previously produced." *Id.*

After conferring on August 15th about the consent records, on August 23rd, Defendant confirmed that it and Plaintiff were at an impasse, as it was abstaining from producing consent records for the class. (Doc. 25-3 at 1). On September 22nd, Plaintiff filed this motion to compel Defendant's production of call records and consent records for the putative class. (Doc. 16). The discovery deadline is October 28, 2022. (Doc. 15 at 1).

## II. Standards

A party is entitled to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. The Court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

## III. Discussion

First, Defendant argues that Plaintiff's motion must be denied as untimely because he filed it "212 days" after receiving Defendant's responses to his requests for production. (Doc. 19 at 4). However, as Plaintiff points out, any delay is the result of conferring with Defendant and attempting to avoid judicial intervention. (Doc. 25 at 3-4). The motion appears timely, as it was filed "within a 'reasonable' time period"—a month after the parties reached a final impasse over both requests for production. *Coleman v. Starbucks*, No. 6:14–cv–527–Orl–22TBS, 2015 WL 2449585, at *8 (M.D. Fla. May 22, 2015) (noting neither local nor federal rule set a deadline for filing a motion to compel in determining reasonable time for filing is "when the parties reached an obvious impasse and the need for a discovery motion became clear.") (quoting *Hoai Thanh v. Hien T. Ngo*, No. CIV. PJM 11-1992, 2013 WL 1976009, at *1 (D. Md. May 10, 2013). Likewise, it seems the plaintiff has failed to waive his ability to file

the motion to compel,[1] given the parties conferring for months leading up to the motion and the motion being filed a month after the parties reached a final impasse and a month before the discovery deadline.[2]

Further, Defendant contends that the motion should be denied because it is inappropriate to discover class member information before there is class certification. However, as the plaintiff points out, pre-certification discovery is permissible to the extent that "information and documents sought . . . shed light on the class certification Rule 23

---

[1] *Cf. Coleman*, 2015 WL 2449585, at *8 (finding as untimely motion to compel filed on "eve of the discovery deadline" when impasse reached two months earlier); *Goers v. L.A. Ent. Group, Inc.*, No. 2:15-CV-412-FTM-99CM, 2017 WL 2578649, at *3 (M.D. Fla. June 14, 2017) (finding motion to compel untimely after five month delay with no explanation, and "[a]ny attempts at conferral . . . occur[red] . . . after the expiration of the discovery deadline"); *United States v. Stinson*, No. 6:14-cv-1534-Orl-22TBS, 2016 WL 8488241, at *4 (M.D. Fla. Nov. 22, 2016) (finding motion in limine untimely where party neither "filed a motion to compel during the discovery phase, or . . . brought the dispute to the attention of the [c]ourt."); *see Galle v. Nationstar Mortg., LLC*, No. 2:16-cv-407-FTM-38CM, 2017 WL 2559634, at *3 (M.D. Fla. June 13, 2017) (waiting five months after receiving defendant's objections, until discovery deadline, to raise discovery concerns and attempt to confer with opposing counsel); *see also Tillman v. Ally Fin. Inc.*, No. 2:16-cv-313-FTM-99CM, 2017 WL 5187748, at *4 (M.D. Fla. Nov. 9, 2017) (denying motion to compel filed on discovery deadline where defendant waited eight months to confer with plaintiff and gave no reason for delay); *see also SOS Furniture Co., Inc. v. Salem*, No. 6:18-cv-898-Orl-78LRH, 2019 WL 12536568, at *2 & n.4 (M.D. Fla. Dec. 11, 2019) (granting motion to compel filed two days before close of discovery despite untimeliness); *see also Se. Mech. Servs., Inc. v. Brody*, No. 808-CV-1151-T-30EAJ, 2009 WL 997268, at *2 (M.D. Fla. Apr. 14, 2009) (untimely motion to compel filed "almost three months after . . . discovery deadline" when issues unraised in earlier conferences with opposing counsel); *see also Pushko v. Klebener*, No. 3:05-CV-211-J-25HTS, 2007 WL 2671263, at *2 (M.D. Fla. Sept. 7, 2007) (noting two extensions of discovery deadlines, and questioning timeliness of three-month late motion to compel seeking to reopen discovery); *see also Malibu Media, LLC v. Weaver*, No. 8:14-CV-1580-T-33TBM, 2016 WL 473133, at *2 (M.D. Fla. Feb. 8, 2016) (denying motion to compel filed day before discovery deadline, despite parties conferring several months earlier, avoiding third extension of deadline).

[2] Notably, some of the cases cited by Defendant support that this motion is timely. *Wright v. Dyck-O'neal, Inc.*, No. 2:15-cv-249-FtM-38MRM, 2016 WL 3912050 (M.D. Fla. June 27, 2016), *report and recommendation adopted*, 2016 WL 3883269 (M.D. Fla. July 18, 2016) (finding motion to compel was *not* untimely (Doc. 71 at 4) because it was filed "months prior to the deadline."); *see also Cureton v. Sunrise Sr. Living Servs., Inc.*, No. 8:13-CV-704-T-33TBM, 2014 WL 2091254 (M.D. Fla. May 19, 2014) (granting motion to extend discovery deadline but providing brief extension instead of 90 days).

requirements of numerosity, commonality, typicality, and adequacy of representation." *Jurich v. Compass Marine, Inc.*, No. 12-00176-WS-B, 2013 WL 12353646, at *3 (S.D. Ala. June 11, 2013) (citing Fed. R. Civ. P. 23); *see Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery") (citing *Gen. Tel. Co. Sw. v. Falcon*, 457 U.S. 147, 160 (1982)).

Here, the plaintiff is seeking call and consent records which are relevant to determining the propriety of class certification, such as whether most putative class members have "Article III standing." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019) (requiring district court to consider, in Telephone Consumer Protection Act case, when certifying class whether large portion lacked standing for failing to ask the telemarketer to stop calling); *Mey v. Enter. Fin. Grp., Inc.*, No. 2:15-cv-463-FtM-99MRM, 2016 WL 9110357, at *3 (M.D. Fla. July 27, 2016) (granting some pre-certification discovery of class information in Telephone Consumer Protection Act case) (citing *Mills*, 511 F.3d at 1309).

Ordinarily, prior to class certification, "identifying information" for putative class members is undiscoverable. *See Le v. Asset Campus USA LLC*, No. 4:20cv447-MW/MJF, 2021 WL 4144776, at *3 (N.D. Fla. Apr. 22, 2021) (stating ordinarily "identifying information for prospective class members is not discoverable prior to class certification.") (citations omitted). This rule is designed to prevent counsel from "seeking the information to solicit new clients, rather than to establish the propriety of certification." *Hankinson v. Class Action R.T.G. Furniture Corp.*, No. 15-81139-CIV, 2016 WL 1182768, at *2 (S.D. Fla. Mar. 28, 2016) (denying pre-class certification discovery of putative members' names and addresses where

plaintiff failed to articulate legitimate need and defendant gave sales information and totals that could establish numerosity and stipulated it maintained records for members) (citations omitted).

Here, it seems appropriate to allow discovery of identifying information as Plaintiff represents he is seeking this information for the permissible reason of certifying the classes. Unlike *Tiger*, Plaintiff and his counsel purport to lack the improper motive of "soliciting new clients" and are not advertising for a putative class. *Tiger v. Dynamic Sports Nutrition, LLC*, No. 6:15-cv-1701-Orl-41TBS, 2016 WL 1408098, at *5 (M.D. Fla. Apr. 11, 2016) (denying discovery of customer names and contact information where plaintiff could establish numerosity and ascertainability for class certification without them and where plaintiff was advertising for additional plaintiffs to join case, giving rise to solicitation concern). Further, unlike *Tiger* and *Hankinson*, Defendant and Plaintiff have not stated that other information has been provided which can establish the propriety of class certification. *Tiger*, 2016 WL 1408098, at *5; *Hankinson*, 2016 WL 1182768, at *2. Finally, identifying information is particularly relevant to class certification, because, for example, it will allow Plaintiff to identify those numbers associated with persons (who are included in the class) and those associated with businesses (who are excluded from the class).

Plaintiff contends that Request Nos. 21 and 24 are necessary to establish the merits of his and class members' claims, and that there is little burden on Defendant to produce these records despite its objections. As Plaintiff points out (and Defendant fails to contest) the defendant only needs to "ask[] its dialer provider" to provide the class records, as it did for his own. (Doc. 25 at 2-3). Therefore, Defendant's objections as to the burden of production are overruled.

Further, as to Request No. 21, the Court finds Defendant's privacy argument unavailing. Defendant contends that producing call records for the potential class would violate the individual's privacy interests, but fails to cite a particular privacy law as the basis for this interest, in addition to failing to explain how disclosing individuals' names and phone numbers would violate their privacy interests. *Demarzo v. Healthcare Tr. of Am.*, Inc., No. 20-61693-CIV, 2021 WL 6693755, at *2 n.1 (S.D. Fla. Apr. 7, 2021) ("Defendant, however, fails to explain how disclosure of the particular information requested would invade the privacy interests of any third party. Nor does Defendant allege that it would violate any privacy law."). Moreover, Courts in this district usually reject such objections without a showing of "particular information" explaining how answering discovery would violate the privacy interests of a third party. *Id.*; *see Coker v. Duke & Co.*, 177 F.R.D. 682, 687 (M.D. Ala. 1998).

Further, when the parties, like here, have executed a protective order, it is sufficient to prevent privacy concerns from arising about the use of information. *See Coker*, 177 F.R.D. at 687 ("any concerns about the use of the [customers'] information can be allayed by the entry of a protective order."); *Kaplan v. Lappin*, No. 10-80227-CIV, 2011 WL 13225151, at *3 (S.D. Fla. May 9, 2011) ("Defendant's remaining objection that the Interrogatory violates his privacy interests is no longer an issue in light of the net worth confidentiality order that shall be in effect."). Finally, under the Florida Constitution, Defendant "lacks standing to assert the privacy rights of non-parties" as "the right is personal to the individual." *Hatfield v. A+ Nursetemps, Inc.*, No. 5:11-CV-416-OC-10TBS, 2012 WL 1326120, at *4 (M.D. Fla. Apr. 17, 2012) (citation omitted); *State Farm Fire & Cas. Co. v. Silver Star Health & Rehab, Inc.*, No. 6:10-cv-1103-Orl-31GJK, 2011 WL 13374031, at *6 n.6 (M.D. Fla. Aug. 26, 2011) (citing *Alterra Healthcare Corp. v. Est. of Shelley*, 827 So. 2d 936, 941-44 (Fla. 2002)).

Further, as to Request No. 24, Defendant contends that it has complied with the request by providing Plaintiff's consent records, because the request uses "the disjunctive phrase 'Plaintiff **or** putative class members[.]'" (Doc. 19 at 13). However, as Plaintiff argues, the request uses the word "or" instead of "and" to clarify that responsive documents need not have the consent of plaintiff *and* a putative class member. (Doc. 25 at 2). The consent records will go to establishing the predominance factor for class certification, because it implicates standing, which a large portion of the class could lack if they gave consent to the calls (thereby precluding class certification). *See Cordoba*, 942 F.3d at 1277 ("there is a meaningful difference between a class with a few members who might not have suffered an injury traceable to the defendants and a class with potentially many more, even a majority, who do not have Article III standing."). Therefore, the defendant must produce records responsive to Request No. 24 for the putative class.

Finally, to the extent that Defendant argues granting this motion to compel necessitates an extension of the discovery deadline for it to re-depose Plaintiff's expert,[3] it appears this argument and request is premature, and it is denied without prejudice.

---

[3] Plaintiff states he does "not object to a brief continuation of the depositions to address application of the experts' methodology to the data Bright Solar has purposefully withheld and contends is irrelevant." (Doc. 25 at 3).

## IV.     Conclusion

Accordingly, the motion to compel is **GRANTED**, to the extent that Defendant shall produce documents responsive to Request No. 21 and Request No. 24. Defendant shall produce the requested documents **on or before December 9, 2022.**

**DONE** and **ORDERED** in Ocala, Florida on November 29, 2022.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties