UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**FLOYD STEVE BALES,**

    **Plaintiff,**

**v.**                                                     Case No: 5:21-cv-496-GAP-PRL

**BRIGHT SOLAR MARKETING LLC,**

    **Defendant.**

## ORDER

Before the Court is Defendant's opposed motion to partially stay the Magistrate Judge's November 29, 2022, Order ("discovery order") (Doc. 29), granting Plaintiff's motion to compel. (Doc. 30). Defendant moves to stay its obligation to comply with the portion of the discovery order requiring it to produce "consent records for all putative class members" until fourteen days after the District Court resolves its objections as filed under Federal Rule of Civil Procedure 72(a).[1] (Doc. 30 at 1, 8-9); Fed. R. Civ. P. 72(a). Plaintiff has not filed a response in opposition. (Doc. 30 at 10). However, given that Defendant filed the motion on December 7, 2022, and the discovery order requires production of the consent records by December 9th, the Court considered the motion and grants it out of an abundance of caution.

Entitlement to stay of an order requires the defendant to "demonstrate: 1) . . . it is likely to prevail on the merits of appeal; 2) . . . absent a stay, it will suffer irreparable harm; 3) . . . Plaintiff[] will not suffer substantial harm from the issuance of the stay; and 4) . . . the

---

[1] Defendant has until December 13, 2022, to file its objections to the discovery order. Fed. R. Civ. P. 72(a) ("A party may serve and file objections to the order within 14 days after being served with a copy.").

public interest will be served by issuing the stay." *Amerisure Mut. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, No. 2:12-cv-443-FtM-29CM, 2014 U.S. Dist. LEXIS 191931, at *2-3 (M.D. Fla. May 12, 2014) (citations omitted). "These are difficult hurdles to clear, and federal courts often deny motion to stay a magistrate judge's discovery orders." *Marlantas, Inc. v. Cissna*, No. 16-62522-CIV, 2017 WL 6949231, at *1 (S.D. Fla. Dec. 12, 2017) (quoting *Montgomery v. Risen*, No. 15-20782-CIV, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015)). Failure to establish a single element may appropriately result in the denial of a request for a stay. *Marlantas, Inc.*, 2017 WL 6949231, at *1 (citing *Matter of O'Keeffe*, No. 15-MC-80651, 2016 WL 5795121, at *2 (S.D. Fla. June 7, 2016)).

First, the defendant argues it is likely to prevail on the merits of appeal because the discovery order compelled the production of consent records based on, as Defendant now argues, the "unraised and unbriefed issue" that they "are relevant to determining, for the purposes of establishing the predominance factor for class certification, whether the putative class members have Article III standing." (Doc. 30 at 4). According to Defendant, "Plaintiff's Motion to Compel only [sic] *raised only one issue* with respect to the Consent Records: that class wide records of consent are necessary to counter BSM's stated affirmative defense of consent." (Doc. 30 at 4).

Under the first element, "a magistrate judge's non-dispositive order is . . . 'clearly erroneous or contrary to law' . . . only when the Court 'is left with the definite and firm conviction that a mistake has been committed.'" *Marlantas, Inc.*, 2017 WL 6949231, at *2 (citations omitted). Here, it seems unlikely that the defendant will prevail on the merits of appeal, because Plaintiff's motion to compel explicitly argues that the "records of consent . .

. are relevant to class certification and the merits of . . . class members' claims."[2] (Doc. 16 at 5, 7). Like Plaintiff's arguments,[3] the discovery order states that the "consent records . . . are relevant to determining the propriety of class certification[.]" (Doc. 29 at 6).

Moreover, the discovery order states that "[t]he consent records will go to establishing the predominance factor for class certification, because it implicates standing, which a large portion of the class could lack if they gave consent to the calls (thereby precluding class certification)." (Doc. 29 at 9) (citing *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019)). This is consistent with Plaintiff's argument that "class membership . . . will be tailored in part based on the evidence of consent [Defendant] maintains."[4] (Doc. 16 at 9-10). Therefore, it appears that the defendant is unlikely to prevail on the merits of appeal because the discovery order is neither clearly erroneous nor contrary to law, as it compels the production of consent records based on issues the plaintiff's motion to compel raises.

Second, the defendant represents that it will sufferable irreparable harm without a stay as it will be unable to timely appeal or object to the discovery order as permitted under 28 U.S.C. § 636(b)(1)(A) and Rule 72(a).[5] Third, the defendant represents that the stay will not

---

[2] The motion to compel argues that "[r]equesting a list of persons that were the recipients of telemarketing calls and records of consent to make those calls is a standard practice in telemarketing putative class actions because they are relevant to class certification and the merits of plaintiffs' and class members' claims." (Doc. 16 at 7).

[3] Repeatedly, in arguing his need for the consent records, Plaintiff cites to other courts determining similar records are "relevant both to class certification and to the merits of the case[.]" *See, e.g.*, (Doc. 16 at 10-11) (citing *O'Shea v. Am. Solar Sol., Inc.*, No. 14CV894-L (RBB), 2016 WL 701215 (S.D. Cal. Feb. 18, 2016)).

[4] "Plaintiff's expert will perform an analysis of [Defendant's] call records to determine which telephone numbers satisfy the requirements for class membership . . . tailored in part based on the evidence of consent [Defendant] maintains." (Doc. 16 at 9-10).

[5] Defendant cites to "Local Magistrate Judge Rule 4(a)(1)" as well, however the Middle District of Florida lacks any such rule, instead, Defendant is apparently citing to the Southern District of Florida. *See* S.D. Fla. Mag. J. Local Rule 4(a)(1).

cause the plaintiff harm, prejudice, or substantial harm because it is producing call records consistently with the Order and a stay will not impact any deadlines. Finally, the defendant represents that a stay will serve the public interest, in preserving its statutory right to object pursuant to Rule 72(a).[6] While the demonstration of the first factor appears insufficient, the defendant has sufficiently shown the second, third, and fourth factors to establish its entitlement to a stay.

Accordingly, and out of an abundance of caution, Defendant's motion to stay is **GRANTED**. The portion of the discovery order issued November 29, 2022, compelling the defendant to produce consent records for the putative class, is stayed pending the District Court's rulings on the defendant's objections. (Doc. 29). If the District Court agrees with the discovery order, the defendant will have **fourteen days** after the issuance of the District Court's order to produce the consent records at issue.

**DONE** and **ORDERED** in Ocala, Florida on December 15, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[6] Here, again, Defendant erroneously cites the Southern District of Florida's Local Rules. (Doc. 30 at 9) (citing "Local Magistrate Rule 4(a)(1)"). *See* S.D. Fla. Mag. J. Local Rule 4(a)(1).