**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

FLOYD STEVE BALES,
individually and on behalf of all
others similarly situated,

                Plaintiff,

v.                                             Case No. 5:21-cv-00496-MMH-PRL

BRIGHT SOLAR MARKETING
LLC,

                Defendant.
_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Bright Solar Marketing LLC's Objections to and Appeal of Magistrate's Order Granting Plaintiff's Motion to Compel (Doc. 37; Objections), filed on December 13, 2022.[1] Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), Defendant objects to the

---

[1] Throughout Defendant's Objections, counsel incorrectly refers to Judge Lammens as "the Magistrate." Counsel should note that in 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge . . . ."); see also Ruth Dapper, A Judge by any Other Name? Mistitling of United States Magistrate Judges, 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, in future filings in this or any other court, counsel should refer to a magistrate judge respectfully and properly as "Judge _____" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F. Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

Order (Doc. 29; Order) entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on November 29, 2022. Objections at 3. In the Order, Judge Lammens granted Plaintiff's Motion to Compel Documents (Doc. 16; Motion to Compel), and directed Defendant to produce to Plaintiff records of calls to putative class members ("call records") and their consent to these calls ("consent records"). See Order at 2, 10. Defendant contends that the Magistrate Judge's Order is clearly erroneous and contrary to law and requests that this Court reverse the Order concerning production of the consent records. See Objections at 3-4, 21. Plaintiff responded to the Objections on January 3, 2023. See Plaintiff's Response to Defendant's Objection to Magistrate Judge Lammens's Discovery Order (Doc. 43; Response).

**I.   Standard of Review**

Inasmuch as the Magistrate Judge's November 29, 2022 Order on Plaintiff's Motion to Compel does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in its Objections, Defendant must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Traylor v. Howard, 433 F. App'x 835, 836 (11th Cir.

2011);[2] Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[3] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet."). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[4] Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the November 29, 2022 Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also In re Authority of United States Magistrate Judges in the Middle District of Florida, No. 8:20-mc-00100-SDM, Doc. 3 at 4 (M.D. Fla. Oct. 29, 2020) ("In civil proceedings where the parties do not unanimously consent,

---

[4] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc.,70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

4

a magistrate judge may conduct proceedings and enter an order concerning: (1) Pretrial proceedings and motions.").

## II. Background

Plaintiff's Motion to Compel concerns production of the call records and consent records for the putative class. See Motion to Compel at 1. In response to Plaintiff's discovery request for call records, Defendant objected to the request stating that it was "overly broad and unduly burdensome." See Motion to Compel at 4-5, Ex. 1 at 16. Regarding Plaintiff's discovery request for consent records, Defendant agreed to produce any non-privileged documents responsive to the request. See id. at 5, Ex. 1 at 16. Plaintiff then filed the Motion to Compel seeking production of the call records and consent records of the putative class. Id. at 15. The Magistrate Judge determined that the Motion to Compel was timely filed, the discovery sought was relevant to the propriety of class certification, and there would be "little burden" on Defendant in producing the responsive documents. See Order at 4-7. As such, Judge Lammens ordered Defendant to produce the call records and consent records for the putative class. See id. at 10.

Defendant complied with the portion of the Order compelling production of the call records but moved the Court to stay the portion of the Order compelling Defendant to produce consent records for all putative class members. See Defendant Bright Solar Marketing LLC's Motion for Partial Stay of

5

Magistrate Judge's November 29, 2022 Order Granting Plaintiff's Motion to Compel (Doc. 30; Motion for Partial Stay). The Magistrate Judge granted Defendant's Motion for Partial Stay (Doc. 38; Order for Partial Stay) relieving Defendant of the obligation to produce the consent records pending the Court's ruling on Defendant's Objections. See Order for Partial Stay at 4.

Because the Magistrate Judge's Order sets forth the background of this litigation, the facts underlying the Motion to Compel, and the relevant evidence, the Court will not repeat that information here.

## III. Discussion

Defendant devotes a substantial majority of its Objections to arguing that the Magistrate Judge erred in finding the Motion to Compel was not untimely, and regardless of timeliness, addressing and ruling on an unbriefed issue of Article III standing. See Objections at 4-19. Regarding timeliness, Defendant argues that Plaintiff's Motion to Compel, filed "212 days" after Defendant served its discovery responses was untimely, and would require an extension of discovery to re-depose Plaintiff's expert.[5] See Objections at 4-10. Defendant cites to instances where judges in this District found motions to compel to be untimely, see id. (citations omitted). The Court finds each of these cases to be

---

[5] Defendant argues that the Magistrate Judge erroneously interpreted this argument as a request by Defendant to extend discovery. See Objections at 20-21 n.13. Defendant maintains that it is not requesting an extension of discovery. See id. Rather, Defendant contends that the Magistrate Judge's ruling, in effect, extended discovery by 45 days. See id.

6

distinguishable and, as such, Defendant's citation to them is unavailing.[6] Moreover, regardless of whether the parties reached an impasse as to the discovery dispute a month earlier than the date identified in the Order,[7] the Magistrate Judge did not clearly err in finding that the Motion to Compel was not untimely, even if it might necessitate an extension of the discovery period.[8] In the Court's view, Plaintiff filed the motion within a "reasonable time" after the parties reached an impasse on the consent records, which was also more than one month before the discovery deadline. Notably, in arriving at his conclusion, the Magistrate Judge considered Defendant's concern regarding an extension of the discovery period and found the argument to be "premature" as to this issue because Plaintiff did not object to a brief continuation of the

---

[6] Moreover, although decisions of other district courts may be persuasive, they are not binding on this Court. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004).

[7] The Magistrate Judge found the parties' impasse date to be August 23, 2022. See Order at 3. Defendant asserts in its Objections that the final impasse date should be one month prior, on July 21, 2022. See Objections at 5 n.3.

[8] The Civil Discovery Handbook for the Middle District of Florida expressly states the following: "The Court follows the rule that the completion date means that all discovery must be completed by that date." Middle District Discovery (2021) at Section I.F.1. The Case Management and Scheduling Order (Doc. 15; CMSO) does not include a deadline by which motions to compel must be filed. See CMSO at 1. Plaintiff filed the Motion to Compel more than one month before the discovery deadline. See Motion to Compel at 5. Thus, Plaintiff timely served its motion in compliance with what the Handbook requires.

7

depositions.9  See Order at 9.  This determination is neither contrary to law nor clearly erroneous.

Defendant next contends that it complied with Plaintiff's consent records request as written because Plaintiff used the disjunctive phrase, "Plaintiff *or* putative class members[.]"  See Objections at 11.  Thus, Defendant argues that given the choice of producing consent records as to Plaintiff or the putative class, Defendant chose Plaintiff as the less burdensome option.  See id. at 12.  Plaintiff argues that Defendant did not object to this request as vague; instead, Defendant presented a boilerplate objection in stating the following: '[Defendant] will produce non-privileged documents, if any, responsive to this Request.'  See Response at 10.  Plaintiff contends that the request used "or" instead of "and" to clarify that the documents did not require the consent of both Plaintiff and a putative class member to be responsive.10  See Plaintiff's Reply in Support of His Motion to Compel (Doc. 25; Reply).  Upon review of the request, the Court rejects Defendant's strained interpretation, and finds that the

---

9 In its Reply, Plaintiff states that it "would not object to a brief continuation of the depositions to address application of the experts' methodology to the data [Defendant] has purposefully withheld and contends is irrelevant."  See Reply at 3.

10 The Civil Discovery Handbook for the Middle District of Florida explains that requests for production should be "clear, concise, and reasonably particularized."  Middle District Discovery (2021) at Section III.A.1.  Plaintiff contends that it made the language of the request "abundantly clear" during the parties' conferral, with Defendant concluding that even if it were to agree that the requests encompassed both Plaintiff and a putative class member, it would only produce consent records for Plaintiff.  See Reply at 2-3.  Thus, the request sufficiently comports with the Handbook's guidelines.

Magistrate Judge did not rewrite, redraft, or narrow a vague discovery request in concluding that Defendant did not comply with Plaintiff's request as written.

Further, Defendant argues that the Magistrate Judge erred in compelling Defendant to obtain and produce the consent records because they are exclusively in the possession of a non-party, High Roller Marketing, whom Plaintiff previously subpoenaed.[11]  See Objections at 12 n.8 & 13-14 n.9.  In support, Defendant cites cases holding that a Court cannot compel a party to produce documents outside of its "possession, custody, or control."  See Objections at 13-14 n. 9 (citing, e.g., Tibbetts Lumber Co., LLC v. Amerisure Mut. Ins. Co., No. 8:19-CV-1275-KKM-AAS, 2021 WL 1966492, at *1 (M.D. Fla. May 17, 2021)).  However, Plaintiff contends that the responsive documents are within Defendant's control because High Roller Marketing is Defendant's subsidiary.[12]  See Response at 13-15.  Defendant does not dispute this contention.  Further, Plaintiff argues that the consent records are not unduly burdensome to produce because Defendant maintains all records of leads from

---

[11] The Magistrate Judge's Order states: "As Plaintiff points out (and Defendant fails to contest) the defendant only needs to 'ask[ ] its dialer provider' to provide the class records, as it did for his own."  See Order at 7 (citing Reply at 2-3).

[12] Defendant's corporate representative stated with respect to the consent records: "I'm not certain if we housed those or if it's just the expectation that High Roller maintains them and we ask to see them if it comes up."  See Response at 15, Ex. 1 at 49:10-22.

9

High Roller Marketing on a single database.[13] See id. at 13. On this record, the Court declines to find that the Magistrate Judge clearly erred or that his determination was contrary to law.

Regarding the consent records, Defendant argues that the Magistrate Judge erred in basing his ruling on an unbriefed issue of Article III standing and misapplied the legal standard in compelling production of the consent records. See Objections at 14-19. Defendant maintains that Plaintiff's Motion to Compel raised only one issue regarding the consent records: "that class wide records of consent are necessary to counter [Defendant's] stated affirmative defense of consent."[14] See Motion for Partial Stay at 4 (citing Motion to Compel at 8-9). In the Order, Judge Lammens explained that "[t]he consent records will go to establishing the predominance factor for class certification, because it implicates standing, which a large portion of the class could lack if they gave consent to the calls (thereby precluding class certification)."[15] See Order at 9

---

[13] In support of its argument, Plaintiff cites to cases holding that control is broadly construed to include possession and the right to obtain materials upon demand. See Response at 14 (citing, e.g., Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984)).

[14] "Because Plaintiffs did not raise Cordoba or 'Article III standing' in the Motion to Compel, the Magistrate [Judge] clearly erred in addressing, and ruling on, that issue for purposes of ordering production of the consent records. The Court should reverse the Magistrate [Judge] on that basis alone." See Objections at 15.

[15] Notably, in the Order for Partial Stay, Judge Lammens observed that his conclusion mirrors Plaintiff's argument in the Motion to Compel that 'class membership . . . will be tailored in part based on the evidence of consent [Defendant] maintains.' See Order for Partial Stay at 3 (citing Motion to Compel at 9-10).

(citing Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1277 (11th Cir. 2019). However, Defendant contends that the Magistrate Judge misapplied Cordoba by conflating the issues of consent, which Defendant argues the opinion did not concern, and Article III standing.[16] See Objections at 16. In Cordoba, the court held that district courts must consider, in a Telephone Consumer Protection Act case, whether a large portion of the class lacked standing for failure to expressly tell a telemarketer to stop calling. Cordoba, 942, F.3d at 1277. Plaintiff argues that "it is irrelevant whether consent is relevant to standing": "What's important is that the consent records will be used to limit class membership, in effect establishing the predominance factor as to [Defendant's] purported defense." See Response at 16-17. Plaintiff explains that it intends to limit the putative class to individuals that filled out the same online form that resulted in Plaintiff receiving calls from Defendant. See Response at 11. Plaintiff further cites to non-binding authority in which a district court granted class certification, despite the defendant's consent defense, because the question of whether the individuals consented was common to all class members who completed the same form. See id. (citing Manno v. Healthcare Revenue Recovery Grp., LLC, 289 F.R.D. 674, 686 (S.D. Fla. 2013)). On this record, the

---

[16] Defendant maintains that the Magistrate Judge erred in assuming that the consent records are relevant to establishing standing for the putative class members because those members either have standing, or do not, based on the call records already provided by Defendant. See Objections at 17.

Court finds that Judge Lammens did not base his decision on issues not raised in Plaintiff's Motion to Compel, acted within his discretion, and reached a resolution of the issue that was neither erroneous nor contrary to law.

Last, relying on Nece v. Quicken Loans, Inc., No. 8:16-CV-2605-T-23CPT, 2018 WL 1072052, at *1 (M.D. Fla. Feb. 27, 2018), Defendant argues that the Magistrate Judge erred in compelling Defendant to produce consent records for thousands of individuals. See Objections at 20. Plaintiff argues that Nece is distinguishable because Defendant has not produced any records, other than the call records, related to the putative class members, and Defendant has submitted no evidence of the burden of complying with the Order. See Response at 19. In Nece, the district court vacated a discovery order, finding that the discovery requests were disproportional where the defendant "had already produced 12,000-plus pages of records relating to 450,000 phone numbers and individuals" and demonstrated that compliance with the order would take 15,000 hours. Nece, 2018 WL 1072052 at *3. No such circumstances are present here. Thus, this Court finds that the Magistrate Judge did not err in concluding that the requested consent records are relevant and not burdensome to produce.

After a careful and complete review of the Magistrate Judge's Order, Defendant's Objections and Plaintiff's Response, and the parties' respective arguments and supporting submissions, the Court finds no clear error in the Order, and also determines that the Order is not contrary to law.

In light of the foregoing, it is

**ORDERED:**

Defendant Bright Solar Marketing's LLC's Objections to and Appeal of Magistrate's Order Granting Plaintiff's Motion to Compel (Doc. 37) is **OVERRULED.**

**DONE AND ORDERED** in Chambers this 17th day of March, 2023.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

i56
Copies to:

Counsel of Record