## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

FLOYD STEVE BALES,

        Plaintiff,

v.                                Case No.  5:21-cv-496-MMH-PRL

BRIGHT SOLAR MARKETING
LLC,

        Defendant.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Defendant Bright Solar Marketing LLC's Motion for Summary Judgment (Doc. 47; Motion), filed February 21, 2023.  Plaintiff Floyd Steve Bales timely filed a response on March 14, 2023. See Plaintiff's Response in Opposition to Defendant's Summary Judgment Motion (Doc. 49; Response).  Defendant Bright Solar Marketing LLC (Bright Solar) then filed a reply.  See Reply Brief in Support of Defendant Bright Solar Marketing LLC's Motion for Summary Judgment (Doc. 56; Reply), filed April 4, 2023.  Accordingly, this matter is ripe for review.

## I.     Background[1]

Bright Solar runs call centers that only make phone calls to set appointments for representatives of independent authorized dealers to sell solar systems.  See Response, Ex. 2: Videoconference Deposition of Steven Wysong: Bright Solar Marketing, LLC (Doc. 49-2; Wysong Dep.) at 3.  Bright Solar gets leads for its calls from a marketing company that relies on internet advertising.  See id. at 4; Motion, Ex. C: Declaration of Weldon Fortenberry III (with Exhibits 1-3 Thereto) (Doc. 47-3; Fortenberry Decl.) at 4.  In the Fall of 2020, Bales responded to an internet advertisement about solar panels and filled out a questionnaire.  See Motion, Ex. E: Declaration of Zachary Smith (Doc. 47-5; Smith Decl.) at 4–5, 9; Response, Ex. 1: Deposition of Floyd Steve Bales (Doc. 49-1; Bales Dep.) at 14–15.  The questionnaire asked various screening questions to determine whether Bales would qualify for solar products or services.  See Smith Decl. at 4–5.  In large print, the questionnaire asked for a phone number to receive a text with results.  See id. at 5, 15; Bales Dep. at 15.  Bales entered his cell phone number[2] and clicked the large blue

---

[1]  Unless otherwise noted, the facts recited herein are undisputed.  For the purposes of resolving the Motion, the Court views all disputed facts and reasonable inferences in the light most favorable to Bales.  However, the Court notes that these facts may differ from those ultimately proved at trial.  See Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).
     The Court's citations to page numbers in documents in the record refer to the CM-ECF-stamped page numbers located at the top of each page, rather than a document's internal page numbers, if any.

[2]  Bales had placed his cell phone number on the national do-not-call registry on July 19, 2018.  See Bales Dep. at 49–50.

"Next" button.  See Bales Dep. at 15–16; Smith Decl. at 5–6, 15.  Directly below the Next button was a paragraph of text in a smaller size.[3]  Smith Decl. at 6–7, 15.  Bales did not read the "tiny stuff" below the Next button.  Bales Dep. at 16.

After Bales responded to the advertisement, an agent of Bright Solar called him on October 30, 2020, and scheduled a phone appointment for November 22, 2020.  See id. at 19–20; Fortenberry Decl. at 23.  Sometime later, Bales called Bright Solar to cancel the appointment but could not connect with a live person and did not want to wait on hold.  See Bales Dep. at 21.  On November 23, 2020, a Bright Solar agent called Bales who advised that he was no longer interested in solar panels.  See id. at 21–22; Fortenberry Decl. at 23.  Another representative of Bright Solar called Bales on December 1, 2020, to reschedule the missed phone appointment.  See Bales Dep. at 22; Fortenberry Decl. at 23.  Bales repeated that he was not interested in solar panels.  See

---

[3]  The paragraph stated the following:

TCPA Disclosure: By clicking Next, you agree to the **Terms of Service** and **Privacy Policy** and authorize up our **chosen installers**, their contractors and partners to contact me with offers about solar product or service by telephone calls, artificial voice, and pre-recorded/text messages, using an automated telephone technology, to the number I provided above, even if my number is a mobile number or is currently listed on any state, federal or corporate Do Not Call list.  I understand that my consent here is not a condition of purchase of any goods or services.  Message and data rates may apply.

Smith Decl. at 6, 15.  The words in blue text and bold type were hyperlinks that displayed the "Terms of Service," "Privacy Policy," and list of "chosen installers" when clicked.  Id. at 7–8.  The Terms of Service informed the reader that submitting a telephone number authorized Bright Solar to call the individual using automated dialing technology even if the telephone number was on a do-not-call registry.  Id. at 8.

Bales Dep. at 22; Fortenberry Decl. at 23.   During the relevant timeframe, Bright Solar made calls through a company named Xencall.  <u>See</u> Fortenberry Decl. at 5, 8; Wysong Dep. at 4.  Including the calls when Bales did not answer, Xencall's records show a total of seven connected calls between Bales and Bright Solar in 2020.  Fortenberry Decl. at 8, 23.

Bright Solar used another company, Bright Pattern, as a dialing service from April 2021 until July or August 2021.  <u>See</u> Response, Ex. 3: Videoconference Deposition of Weldon Fortenberry, III: Bright Solar Marketing, LLC (Doc. 49-3; Fortenberry Dep.) at 7.  Bright Pattern's records show six connected calls between Bales and Bright Solar in 2021.  Fortenberry Decl. at 8–9, 22.  According to Bright Pattern's records, Bright Solar called Bales on June 10, 2021, and Bales called back on July 1, 2021.  <u>Id.</u> at 9, 22. Then Bright Solar called Bales on July 2 and July 7, 2021.  <u>Id.</u>

On July 19, 2021, Bales called Bright Solar to ask why the company was calling him.  <u>See</u> Bales Dep. at 24–25; Fortenberry Decl. at 9, 22.  Bales told the Bright Solar agent that he would "appreciate you not ever calling me."  Bales Dep. at 25.  The agent set the call disposition as "DNC," meaning that the number should not be called.  <u>See</u> Fortenberry Decl. at 9, 22; Wysong Dep. at 12.  Once a phone number is placed on Bright Pattern or Xencall's internal DNC list, the dialing technology will prevent the number from being called.  <u>See</u> Fortenberry Decl. at 6.

At his deposition in this case, Bales testified that he received a silent call on July 20, 2021, at 7:14 a.m. from the same number that he had called the previous day.  See Bales Dep. at 26, 44.  In contrast, Bright Pattern's records show a call of one second from Bales to Bright Solar on July 20.[4]  Fortenberry Decl. at 10, 22; see also Wysong Dep. at 10 (noting that, on these call log records, the "from field is the number that originated the phone call" and "inbound return calls" means that the other number called Bright Solar).

Bright Solar's records from Xencall and Bright Pattern do not show any calls between Bales and Bright Solar after July 20, 2021.  See Fortenberry Decl. at 9, 22–25.  However, Bales stated that he received a call from Bright Solar with a voicemail message "[s]ometime after" the call on July 20.  Motion, Ex. A: Plaintiff's Answers and Objections to Defendant's First Set of Interrogatories (Doc. 47-1; Interrogatory Answers) at 5; Bales Dep. at 29.  At his deposition, Bales did not know what time of day that call was or where he was at the time.  See Bales Dep. at 29.  Bales stated later that he does not remember whether he received any calls from Bright Solar after July 20, 2021.  See id. at 31–32.

Bales initiated this action on August 26, 2021, by filing a three-count Class Action Complaint (Doc. 1-1; Complaint) in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.  In the Complaint, Bales

---

[4] Bales has accidentally called his wife while his phone was in his pocket, but he did not remember making an accidental phone call in this instance.  See Bales Dep. at 32.

maintains that Bright Solar called him on three specific occasions.  See id. ¶¶ 17–22.  First, Bales asserts that Bright Solar called him "[i]n early July 29, 2021," and left him a prerecorded voicemail message.  Id. ¶¶ 17–18.  Second, Bales alleges that Bright Solar called him at 6:11 p.m. on July 19, 2021.  Id. ¶ 20.  According to Bales, he answered this call and asked the agent to stop calling him.  Id. ¶ 21.  Third, Bales asserts that Bright Solar called him on July 20, 2021, at 7:14 a.m.  Id. ¶ 22.  Bales alleges that, when he answered the call, he discovered it "was a silent call with no one on the other end."  Id.

Based on these and other allegations, Bales asserts three claims on behalf of himself and putative class members.  In Count I, Bales alleges that Bright Solar violated the Florida Telephone Solicitation Act (FTSA), Florida Statute section 501.059, by calling him using an automated system for the selection or dialing of telephone numbers without his prior express written consent.  See Complaint ¶¶ 50–56.  In Count II, Bales asserts that Bright Solar violated the FTSA by making unsolicited telephonic sales calls to him even though his number was listed on Florida's do-not-call list.  See id. ¶¶ 58–62.  In Count III, Bales alleges that Bright Solar violated the Florida Telemarketing Act (FTMA), Florida Statute section 501.616, by making a commercial telephone solicitation call to him before 8:00 a.m. or after 8:00 p.m. in his time zone.  See Complaint ¶¶ 64–69.  On October 1, 2021, Bright Solar removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  See Notice of

Removal (Doc. 1) at 1–3.  Bright Solar moved for "full and final summary judgment" on February 21, 2023.  Motion at 26.

## II.   Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a).  The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Rule 56(c)(1)(A).[5]  An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant.  See

---

[5] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions."  Rule 56 Advisory Committee's Note 2010 Amends.

> The standard for granting summary judgment remains unchanged.  The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law.  The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Id.  "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive."  Campbell v. Shinseki, 546 F. App'x 874, 879 n.3 (11th Cir. 2013).  Thus, case law construing the former Rule 56 standard of review remains viable and is applicable here.

In citing to Campbell, the Court notes that it does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point.  See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Est. of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593–94 (11th Cir. 1995) (internal citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) ("The mere existence of some factual dispute will not defeat summary judgment unless the factual dispute is material to an issue affecting the outcome of the case."). In

determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." <u>Haves v. City of Miami</u>, 52 F.3d 918, 921 (11th Cir. 1995) (citing <u>Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro</u>, 38 F.3d 1571, 1578 (11th Cir. 1994)).

## III. Summary of the Arguments

In the Motion, Bright Solar argues that the Court should grant summary judgment because Bales provided express written consent to receive all of the calls from Bright Solar. <u>See</u> Motion at 14–22. Bright Solar also contends that Bales has not pointed to evidence that Bright Solar called him from an "automated system" as that term is used in the FTSA. <u>See</u> <u>id.</u> at 22–23. Next, Bright Solar maintains that Bales cannot recover for the July 19 and July 20 calls because Bales made those calls to Bright Solar. <u>See</u> <u>id.</u> at 23–25. Moreover, Bright Solar argues that Bales has no evidence that the "silent" call on July 20 was a telephonic sales call. <u>See</u> <u>id.</u> at 25. Finally, Bright Solar asserts that Bales has produced no evidence, other than his own unsupported assertion, that Bright Solar called him after July 20, 2021. <u>See</u> <u>id.</u> at 26.

In his Response, Bales contends that genuine disputes of material facts prevent summary judgment. <u>See</u> Response at 1–2. First, Bales asserts that there is a disputed issue of fact as to whether he gave express written consent to Bright Solar. <u>See</u> <u>id.</u> at 2–9. In addition, Bales argues that there is a genuine

dispute about whether Bright Solar used an automated system for selecting and dialing telephone numbers.  See id. at 9–12.  Finally, Bales maintains that there is a dispute about the number of calls that Bright Solar made to him.  See id. at 13.  Based on the supplemental declaration of Aaron Woolfson, Bales asserts that Bright Solar made nineteen sales calls to him between July 1, 2021, and the present.  See id.; see also Response, Ex. 4: Supplemental Declaration of Expert Aaron Woolfson (Doc. 49-4; Woolfson Supp. Decl.).

In the Reply, Bright Solar continues to argue that Bales consented to the calls and that Bales has no competent evidence showing that Bright Solar used an automated system to call him.  See Reply at 1–5.  Moreover, Bright Solar contends that Bales should not be allowed to seek recovery for nineteen calls when he identified only three calls in his Complaint, his Interrogatory Answers, and his deposition.  See id. at 7–8.  According to Bright Solar, because Bales did not respond to its arguments about the three calls alleged in the Complaint, Bales has conceded that those three calls did not violate the FTSA.  See id. at 6–7.  Bright Solar also argues that Woolfson's supplemental declaration is an untimely expert report that the Court "should ignore."  Id. at 7 n.9.

## IV.  Discussion

Having carefully reviewed the record, the briefing, and the applicable law, the Court concludes that Bright Solar's Motion is due to be granted.

## A.    Calls not Alleged in Complaint

Although Bales seeks in his Response to expand his claims for relief to include nineteen phone calls, see Response at 13–14, Eleventh Circuit precedent precludes a plaintiff from amending his complaint through argument at the summary judgment phase of proceedings.  See Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1228 (11th Cir. 2013); see also Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013) (explaining that the district court improperly disregarded the allegations of the complaint and, in effect, treated the complaint as though it had been amended to conform to statements in the plaintiff's response to the summary judgment motion).  For example, in Flintlock, the Eleventh Circuit criticized a district court for addressing a plaintiff's argument for insurance coverage based on estoppel, even where the defendant did not object, because the claim was first raised at summary judgment and not included in the complaint.  710 F.3d at 1226–28 ("This Court's precedent foreclosed [plaintiff's] attempt to amend its complaint at the summary judgment stage without seeking leave of court pursuant to Rule 15(a)(2).").

Here, Bales alleges in his Complaint that Bright Solar is liable for calling him on three occasions.  See Complaint ¶¶ 17–22.  Throughout discovery, Bales affirmed that he was seeking recovery for three phone calls.  See Interrogatory Answers at 4–5, 7–8; Bales Dep. at 45.  Under the FTSA and the similar federal

statute, the Telephone Consumer Protection Act (TCPA), each call may be a separate violation giving rise to an award of statutory damages. See Fla. Stat. § 501.059(9)–(10); 47 U.S.C. § 227(b)(3)(B); Calta v. Vision Solar FL, LLC, No. 8:22-CV-897-CEH-MRM, 2022 WL 17730114, at *3, *5 (M.D. Fla. Dec. 16, 2022).[6]   And, in determining whether a plaintiff can recover for a call, the circumstances of each call are important.   See Newhart v. Quicken Loans Inc., No. 9:15-CV-81250, 2016 WL 7118998, at *3 (S.D. Fla. Oct. 12, 2016) (explaining, in a TCPA case, the importance of examining "individual calls"). Thus, by now seeking to recover for nineteen calls, Bales is attempting to substantively change the nature of his claims.   At least three courts in this district have rejected similar attempts to assert new calls at the summary judgment stage.   See Wilcox v. Green Tree Servicing, LLC, No. 8:14-CV-1681-T-24, 2015 WL 2092671, at *2 (M.D. Fla. May 5, 2015); Orr v. Credit Prot. Ass'n, L.P., No. 3:13-CV-1530-J-32MCR, 2015 WL 439343, at *1–2 (M.D. Fla. Feb. 3, 2015); Wood v. GC Servs., LP, No. 8:10-CV-1979-T-27TBM, 2012 WL 995207, at *3 (M.D. Fla. Mar. 23, 2012).   Having considered the record in this case, this Court similarly concludes that Bales's argument that Bright Solar violated the FTSA by calling him nineteen times is an improper attempt to amend the

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.   See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

Complaint at summary judgment.  See Flintlock, 710 F.3d at 1228; see also Merle Wood & Assocs., Inc. v. Trinity Yachts, LLC, 714 F.3d 1234, 1238 (11th Cir. 2013); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1314–15 (11th Cir. 2004) ("A plaintiff may not amend [his] complaint through argument in a brief opposing summary judgment."); Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1296–97 (11th Cir. 2006).  As such, the nineteen alleged calls are not properly before the Court, and Bales is precluded from seeking relief on this basis.

Even if the Court were to consider the alleged nineteen calls, the evidence in the record is insufficient to create a triable issue of fact.  Bales relies solely on the supplemental declaration of Aaron Woolfson.  See Response at 13. Woolfson reviewed call detail records from Bright Pattern and identified nineteen calls that were longer than zero seconds and were made to Bales between July 1, 2021, and the present.[7]  See Woolfson Supp. Decl. at 1–3. Woolfson mentions this finding with no details about the circumstances of the calls, not even the dates when the calls occurred.  See id. at 3 ("I was be [sic]

---

[7]  Although not argued by Bales, the Court notes that, at first glance, Woolfson's analysis of the Bright Pattern records appears to conflict with the records filed by Bright Solar, which identified only two connected calls from Bright Solar to Bales after July 1, 2021.  See Fortenberry Decl. at 9–10, 22.  However, the discrepancy likely arises because Woolfson organized his review of the records by different criteria.  Woolfson searched for calls with a call duration "greater than zero seconds," Woolfson Supp. Decl. at 2, instead of "each connected call," Fortenberry Decl. at 8–9.  Moreover, Woolfson did not limit his analysis to calls made in 2021.  See Woolfson Supp. Decl. at 3.

able to identify 229,279 calls in the call detail records . . . including 19 calls to the telephone number of Plaintiff Bales . . . .").[8]  Thus, Woolfson's statement that Bright Solar made nineteen calls to Bales is too conclusory to create a genuine issue of fact about how many calls Bales received or whether those calls violated the FTSA.  See Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1227–28 (11th Cir. 1999); Evers v. Gen. Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value.").  Therefore, the Court will turn its consideration to the three calls identified in the Complaint.

### B.    Calls Alleged in Complaint

Bright Solar argues that Bales cannot recover for any of the three calls alleged in his Complaint because Bales made two of the calls and has not produced sufficient evidence to show that the third call actually occurred.  See Motion at 23–26.  Bales does not respond to these specific arguments.  See Response at 13–14 ("[T]o the extent Bright Solar contends it made only one

---

[8]    Bales chose not to file the exhibits containing the data underlying Woolfson's analysis.  Bales states, "Due to the voluminous and confidential nature of the excel exhibits to Mr. Woolfson's supplemental declaration, the exhibits are not being filed electronically.  The exhibits are available on request for in camera inspection."  Response at 13 n.1.  Bales appears to misunderstand his obligation in responding to a motion for summary judgment.  It is Bales's burden to support his factual assertions by "citing to particular parts of materials in the record."  Rule 56(c)(1) (emphasis added).  Suggesting that supportive materials might be found outside the record—if the Court asks for them—does not discharge this burden.

outbound call to Plaintiff, because Plaintiff in fact received 19 calls, there is a disputed issue of fact regarding the number of calls . . . at issue.").

As an initial matter, the Court considers the claims based on these three calls to be abandoned in light of Bales's failure to address the argument that Bright Solar did not call Bales on any of the three alleged occasions.  See Case v. Eslinger, 555 F.3d 1317, 1329 (11th Cir. 2009) ("When a party moves for final, not partial, summary judgment, . . . 'it [becomes] incumbent upon the [nonmovant] to respond by, at the very least, raising in their opposition papers any and all arguments or defenses they felt precluded judgment in [the moving party's] favor.' . . .  Failure to do so may result in waiver or abandonment of the issue." (second, third, and fourth alterations in original) (quoting Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1264 (11th Cir. 2001))); see also Resol. Tr. Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); Schwarz v. Bd. of Supervisors ex rel. Villages Cmty. Dev. Districts, 672 F. App'x 981, 983 (11th Cir. 2017) (per curiam) ("We agree with the district court that Plaintiffs waived these claims by failing to address them in their summary judgment response . . . .").  Nevertheless, in an abundance of caution, the Court also will consider the merits of the calls alleged in the Complaint.

In the Complaint, Bales asserts that Bright Solar called him on July 19, 2021. Complaint ¶¶ 20–21. Undisputed evidence shows that Bales called Bright Solar on July 19. See Bales Dep. at 24–25; Fortenberry Decl. at 9, 22. The FTSA prohibits "telephonic sales call[s]" under certain circumstances. Fla. Stat. § 501.059(4), (8). A "[t]elephonic sales call" is a "a telephone call, text message, or voicemail transmission to a consumer . . . ." Id. § 501.059(1)(j) (emphasis added). Similarly, the FTMA prohibits certain "commercial telephone solicitation phone call[s]," which are "unsolicited telephone call[s] to a person initiated by a commercial telephone seller or salesperson." Fla. Stat. §§ 501.603(1)(a), 501.616(6)(a) (emphasis added). Because Bales called Bright Solar on July 19, 2021, he cannot recover under either statute for this call.

Bales next alleges that Bright Solar called him on July 20, 2021, at 7:14 a.m. Complaint ¶ 22. In support of this allegation, Bales testified that Bright Solar called him on July 20. See Bales Dep. at 26, 44; Interrogatory Answers at 5. But the call records produced by Bright Solar show that Bales, not Bright Solar, made this phone call. See Fortenberry Decl. at 10, 22.

Ordinarily, a plaintiff's self-serving testimony can create a genuine issue of fact. See Sears v. Roberts, 922 F.3d 1199, 1208 (11th Cir. 2019). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for

summary judgment." <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007).  For example, if an incident is recorded and the video "obviously contradicts" the version of events described by the plaintiff, a court can accept the depiction of the events as shown on the video.  <u>Pourmoghani-Esfahani v. Gee</u>, 625 F.3d 1313, 1315 (11th Cir. 2010); <u>see also</u> <u>Morton v. Kirkwood</u>, 707 F.3d 1276, 1284 (11th Cir. 2013) ("[W]here an accurate video recording completely and clearly contradicts a party's testimony, that testimony becomes incredible.").  But if the video does not clearly depict the events, or if it can support both versions of events, the court will accept the plaintiff's version for purposes of ruling on a motion for summary judgment.  <u>Shaw v. City of Selma</u>, 884 F.3d 1093, 1097 n.1 (11th Cir. 2018); <u>see also</u> <u>Gregory v. Miami-Dade County</u>, 719 F. App'x 859, 867–68 (11th Cir. 2017) ("The televised interview and forensic evidence do not so blatantly contradict Gregory's testimony as to render it utterly discredited and to preclude the existence of a genuine dispute of material fact.").  Moreover, the Court should not treat "documentary evidence" that "consists mainly of various forms of [the defendants'] own testimony" the same as truly objective evidence, such as a video.  <u>Sears</u>, 922 F.3d at 1208–09.

Here, objective evidence in the record affirmatively contradicts Bales's version of events.  Bright Solar has produced call records obtained in the regular course of business from its dialers Xencall and Bright Pattern.  <u>See</u> Fortenberry Decl. at 8–9.  These records reflect "each connected call made to or received

from" Bales's telephone number in 2020 and 2021. Id. The call record from Bright Pattern shows a phone call from Bales to Bright Solar on July 20, 2021, but no phone call from Bright Solar to Bales. Id. at 10, 22. Notably, Bales does not dispute the authenticity or accuracy of these call records, even after receiving records directly from Bright Pattern. See Response at 13. These call records are objective, documentary evidence not open to interpretation. The record of one phone call from Bales to Bright Solar directly contradicts Bales's testimony of one phone call from Bright Solar to Bales. Therefore, the Court concludes that Bales's unsupported testimony[9] about the July 20 call "is blatantly contradicted by the record, so that no reasonable jury could believe it." Scott, 550 U.S. at 380; see also Hunter v. Leeds, 941 F.3d 1265, 1281–82 (11th Cir. 2019) ("Although Hunter claims that multiple officers shot him, there is simply no evidence in the record to indicate that anyone other than Kirk fired his weapon that day: the only bullet casings recovered were from Kirk's service weapon."); Kenning v. Carli, 648 F. App'x 763, 767–69 (11th Cir. 2016) ("In fact, we know from the autopsy report that Cortes was only shot in the back of his body, meaning Wood was wrong when she testified to the contrary."). As such, the Court concludes that there is no genuine dispute about the fact that Bales, not Bright Solar, initiated the phone call on July 20, 2021.

---

[9]  Bales testified that he has records from his phone company showing this call. See Bales Dep. at 26, 28. But neither party has submitted any such records for the Court's review.

Finally, in paragraph 17 of the Complaint, Bales alleges that Bright Solar left him a voicemail message "[i]n early July 29, 2021." Complaint ¶ 17. In his Interrogatory Answers, after listing the July 19 and July 20 calls, Bales asserted that "[s]ometime after" July 20, 2021, he received a call with the same voicemail message as the call alleged in paragraph 17 of the Complaint. Interrogatory Answers at 5. It appears that, in the Interrogatory Answers, Bales is describing the same call as the call alleged in paragraph 17 of the Complaint.[10] Even so, Bales's assertions about this call do not create a genuine issue of material fact for two reasons. First, Bright Solar's records of the connected calls do not show any calls between Bales and Bright Solar after July 20, 2021. See Fortenberry Decl. at 9–10, 22–25. Thus, the record affirmatively contradicts Bales's testimony and Interrogatory Answers. See Scott, 550 U.S. at 380; Hunter, 941 F.3d at 1281–82; Kenning, 648 F. App'x at 767–69. Second,

---

[10] Bales may have repudiated that understanding at his deposition. He testified that the July 29 call alleged in the Complaint is not listed in his Interrogatory Answers and that the third call mentioned in his Interrogatory Answers is not alleged in the Complaint. See Bales Dep. at 23–24, 30. But he also said that he did not know whether the third call listed in his Interrogatory Answers is identified in the Complaint. See id. at 29. Bales testified that he could not remember whether July 29 was the correct date for the phone call. See id. at 23–24. He also stated that he does not remember whether he received any calls from Bright Solar after July 20, 2021. See id. at 31–32. If the calls mentioned in the Complaint and the Interrogatory Answers are not the same, then no evidence supports the allegation in the Complaint that Bright Solar left Bales a voicemail message on July 29. In addition, if the calls are not the same, Bales cannot recover for the third call listed in the Interrogatory Answers because that call is not alleged in the Complaint. Nonetheless, construing the record in the light most favorable to Bales, the Court will presume that Bales was simply confused by the deposition questions on this issue.

- 19 -

Bales's assertion that a call occurred "sometime after" July 20 is too vague and conclusory to create a genuine issue of fact.  See Hilburn, 181 F.3d at 1227–28.

The Court acknowledges that Bales has identified some details: the telephone number that called him and the wording of the voicemail message. See Interrogatory Answers at 5.  But Bright Solar does not dispute that it called Bales from that telephone number and left him a voicemail message at some point.  See Motion at 12–13.  In fact, Bright Solar asserts that a call on June 10, 2021, corresponds to Bales's allegations about receiving a voicemail message. See id.; Fortenberry Decl. at 9, 22.  Bales, however, cannot recover for any calls that occurred before the creation of the FTSA's private right of action on July 1, 2021.  See Borges v. SmileDirectClub, LLC, No. 21-CV-23011, 2022 WL 4269564, at *3 (S.D. Fla. Sept. 15, 2022); Motion, Ex. G: Plaintiff's Answers and Objections to Defendant's First Set of Requests for Admissions (Doc. 47-7) at 3. Thus, the material fact at issue is when the call occurred.  On this critical point, Bales has produced no evidence of the specific date or day of the week when the call was made.  He does not even know the time of day or where he was when he got the call.  See Bales Dep. at 29.  Consequently, the Court finds that Bales's assertion that a call occurred "sometime after" July 20 is too vague and conclusory to establish a genuine dispute of material fact.  See Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1315–16, 1316 n.12 (11th Cir. 2009); Leigh v. Warner Bros., 212 F.3d 1210, 1217 (11th Cir. 2000); see also

OneBeacon Am. Ins. Co. v. Cath. Diocese of Savannah, 477 F. App'x 665, 672 (11th Cir. 2012) (per curiam) (finding that an affidavit was conclusory "[g]iven the lack of critical detail" such as dates).  In sum, uncontested objective records establish that no calls from Bright Solar connected to Bales's phone after July 20, 2021.  Bales's vague, conclusory testimony to the contrary is a mere scintilla of evidence that does not create a genuine issue of fact about whether Bright Solar called Bales on July 29, or on any other date after July 20, 2021.

Because the record establishes that Bright Solar did not initiate any of the three calls alleged in the Complaint, none of the calls can be a "[t]elephonic sales call," under Florida Statute section 501.059(1)(j), or a "[c]ommercial telephone solicitation" phone call, under Florida Statute section 501.603(1)(a).  Therefore, Bales cannot succeed on his claim in Count I that Bright Solar made a telephonic sales call using an automated system for the selection or dialing of telephone numbers, his claim in Count II that Bright Solar made a telephonic sales call to him while he was listed on Florida's do-not-call list, or his claim in Count III that Bright Solar made a commercial telephone solicitation phone call before 8:00 a.m. or after 8:00 p.m. in his time zone.  As such, summary judgment is due to be granted in favor of Bright Solar.

## V.   Conclusion

Bales may not amend his Complaint through argument in his Response to Bright Solar's Motion.  And Bales has not pointed to evidence that creates a

genuine issue of fact about whether Bright Solar called him on the occasions alleged in the Complaint.  Thus, the Court concludes that Bright Solar's Motion is due to be granted.  Accordingly, it is

**ORDERED:**

1. Defendant Bright Solar Marketing LLC's Motion for Summary Judgment (Doc. 47) is **GRANTED**.

2. The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant Bright Solar Marketing LLC and against Plaintiff Floyd Steve Bales.

3. The Clerk of the Court is further directed to terminate any remaining pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers on May 26, 2023.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record
Pro Se Parties