UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA (OCALA)

| | |
|---|---|
| **FLOYD STEVE BALES, individually and on behalf of all others similarly situated,**<br><br>         **Plaintiff,**<br>    vs.<br><br>**BRIGHT SOLAR MARKETING LLC,**<br><br>         **Defendant.** | **CASE NO.:**<br>**5:21-CV-00496-JSM-PRL** |

**MOTION OF DEFENDANT BRIGHT SOLAR MARKETING LLC TO TO DETERMINE ENTITLEMENT TO ATTORNEYS' FEES AND COSTS**

Defendant, Bright Solar Marketing LLC ("BSM"), pursuant to Local Rule 7.01 and Fla. Stat. § 501.059, respectfully moves the Court for a determination of BSM's entitlement to attorney's fees and costs in this case.

**RELEVANT BACKGROUND**

**I.     FINAL JUDGMENT ENTERED IN FAVOR OF BSM**

On February 21, 2023, BSM filed its motion for summary judgment seeking full and final summary judgment as to the sole claim Plaintiff asserted in this case – alleged violations of the Florida Telephone Solicitation Act ("FTSA").  (Doc. 47.) On May 26, 2023, the Court issued an order granting BSM's motion for summary judgment.  (Doc. 59.)  On May 30, 2023, the Court entered final judgment "in favor of the Defendant, Bright Solar Marketing, LLC and against the Plaintiff, Floyd Steve

1

Bales." (Doc. 60 at 1.) The judgment ordered that motions seeking an award of attorneys' fees and/or costs be filed within the time and manner prescribed by LR 7.01. (*Id.*) Local Rule 7.01 states that within 14 days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that: (1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award, (2) states the amount sought or provides a fair estimate of the amount sought, and (3) includes a memorandum of law. M.D. Fla. LR 7.01(b).

## II. BASIS FOR AWARD AND AMOUNT SOUGHT

### A. The FTSA's Fee-Shifting Provision

The statutory basis for the award of costs and attorney's fees to BSM is the FTSA. The relevant portion of the FTSA's costs-and-fees provision states:

> (a) In any civil litigation resulting from a transaction involving a violation of this section, the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his or her reasonable attorney's fees and costs from the nonprevailing party.
>
> (b) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
>
> (c) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.

Fla. Stat. § 501.059(11)(a)-(c). Thus, § 501.059(11) states that the prevailing party (here, BSM) "shall" receive its reasonable attorney's fees and costs from Plaintiff

Bales, the nonprevailing party. *See, e.g.*, *Suarez v. Bank of New York Mellon Trust Co.*, 325 So. 3d 205, 208 (Fla. 2d DCA 2021) (Florida statute provided that "the court shall award a reasonable attorney's fee when the statutory criteria are met, and [i]t has long been recognized that use of the word 'shall' ... evidences the legislative intention to impose a mandatory penalty") (additional quotations omitted).

### B. Amount of Fees and Other Costs Incurred

Through May 31, 2023, BSM incurred attorneys' fees in the amount of $213,695.00, as well as costs and expenses in the amount of $7,925.30. BSM anticipates filing a bill of costs for those costs that are taxable under 28 U.S.C. § 1920. Additionally, BSM incurred mediation fees in the amount of $7,500.00, for which it seeks an award in this case as a taxable cost.

## ARGUMENT AND MEMORANDUM OF LAW

**I.  BSM IS A "PREVAILING PARTY" FOR PURPOSES OF AN AWARD OF ATTORNEY'S FEES AND COSTS UNDER THE FTSA, WHICH IS SUBSTANTIVE LAW FOR *ERIE* PURPOSES.**

BSM understands that Plaintiff will oppose BSM's entitlement to attorney's fees on the basis that the language of FTSA's fee-shifting provision does not cover the facts and/or allegations of this case. This is surprising given that Plaintiff's Complaint requested "an order awarding Plaintiff . . . [his] reasonable attorneys' fees and expenses and costs of suit." (Doc. 1-1 at 16.) Notwithstanding Plaintiff's inconsistent positions, BSM is entitled to an award of fees as discussed below.

### A. BSM Is a "Prevailing Party" for Purposes of a Fee Award.

As a threshold matter, there can be no dispute that BSM is a "prevailing party" as that term is used in the FTSA. A recent case from this District examined the issue of "defendant as prevailing party" for purposes of a fee award, recited the relevant Eleventh Circuit caselaw, and held as follows:

> The Eleventh Circuit has found that the Supreme Court imposes two requirements for a party to reach prevailing party status: (1) the party must be awarded some relief on the merits of its claim by the court; (2) the party must be able to point to a resolution of the dispute which materially alters the legal relationship between the parties. *Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1376 (11th Cir. 2022). To determine whether defendant was the prevailing party, the Court asks whether its judgment rebuffed plaintiff's efforts to effect a material alteration in the legal relationship between the parties. *Beach Blitz Co. v. City of Miami Beach, Florida*, 13 F.4th 1289, 1298 (11th Cir. 2021).
>
> Here, defendants obtained a final judgment dismissing the case with prejudice. This is relief on the merits of the case. *Vinson v. Koch Foods of Alabama, LLC*, 12 F.4th 1270, 1278 (11th Cir. 2021) ("dismissals with prejudice, even voluntarily, are adjudications on the merits.") The Judgment also materially altered the legal relationship between the parties as to those claims asserted in the [complaint], the only matter pending before the Court. . . . The Judgment clearly effects or rebuffs plaintiff's attempt to effect a material alteration in its legal relationship with the two defendants as to the claims set forth in the [complaint]. No more is required. The Court finds that defendants are prevailing parties in this case.

*Aero-Docks, LLC v. ASAR, Inc.*, 2022 WL 17829482, **2-3 (M.D. Fla. Dec. 21, 2022). Clearly, BSM qualifies as the "prevailing party" given the Court's entry of summary judgment in its favor. *See Kubiak v. S.W. Cowboy, Inc.*, 2017 WL

4

1080000, *6 (M.D. Fla. Mar. 22, 2017) ("[T]he Court recognizes that the law plainly provides that a party can be considered a 'prevailing party' due to the entry of summary judgment on a claim in that party's favor.") (Howard, J.) (citing *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995); *Sentinel Enters., Inc. v. Stankiewicz*, 545 So. 2d 288, 289 (Fla. 3d DCA 1989)).

### B. The FTSA and Its Fee-Shifting Provision Are Substantive Law.

Likewise, there should be no question that the FTSA and its fee-shifting provision are considered substantive law for *Erie* purposes. As the Eleventh Circuit held in discussing Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"):

> [W]e conclude that the FDUTPA and its fee-shifting provision are substantive for *Erie* purposes. It is plain that the FDUTPA itself applies in federal court, as substantive law, because it creates a cause of action. Furthermore, a statute allowing for the recovery of attorney's fees, like the FDUTPA fee-shifting provision at issue in this case, generally applies in federal court so long as it does not conflict with a valid federal statute or rule. . . . We find no conflict between this fee-shifting provision and any federal law. Accordingly, we conclude that both the FDUTPA and its fee-shifting provision are substantive for *Erie* purposes.

*Horowitch v. Diamond Aircraft Ind., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011); *see also Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1152 (11th Cir. 2008) (Florida statute that provides attorneys' fees when party unreasonably rejects settlement offer or offer of judgment applies in federal court); *All Underwriters v. Weisberg*, 222 F.3d 1309, 1311-12 (11th Cir. 2000) (Florida statute that provides attorney's fees when insurers are late paying their obligations is "substantive law for *Erie* purposes"

5

because it creates substantive right for insureds).

Because the FTSA, like the FDUTPA, "creates a cause of action" and "does not conflict with a valid federal statute or rule," the FTSA's fee-shifting provision is considered substantive for *Erie* purposes. That provision, therefore, applies here.

## II. BSM IS ENTITLED TO AN AWARD OF ATTORNEY'S FEES AND NON-TAXABLE MEDIATOR UNDER THE FTSA.

### A. BSM Is Entitled to Its Reasonable Attorneys' Fees under the FTSA.

To reiterate, the relevant FTSA attorneys' provision states that in "any civil litigation resulting from a transaction involving a violation of this section, the prevailing party . . . shall receive his or her reasonable attorney's fees and costs from the nonprevailing party." Fla. Stat. § 501.059(11)(a). Plaintiff seemingly takes the position that there was no "transaction" between BSM and Plaintiff Bales and, therefore, the FTSA fee-shifting provision is not implicated. BSM disagrees.

#### 1. The Pre-2021 Amendment Ruling in *Abbott* Should Not Apply Here and, in Any Event, Defines "Transaction" Too Narrowly.

As the Court noted in its summary judgment Order, the Florida Legislature amended the FTSA to create a private right of action effective July 1, 2021. (Doc. 59 at 20.) In opposing BSM's entitlement to attorneys' fees, BSM understands Plaintiff to rely on the pre-amendment opinion in *Abbott v. Advantage Travel, LC*, 2014 WL 12618812 (M.D. Fla. May 12, 2014), where the Court dismissed the private plaintiff's FTSA claim because, at that time, the statute did not provide a

6

private cause of action. In so ruling, the Court held, "Although not a defined term, it is clear from a review of the statute that 'transaction' in this context is intended to mean an exchange of money for goods or services, rather than a mere interaction—such as an unsolicited phone call." *Id.*, *2. That, BSM respectfully submits, is a cramped view of the statute and of "transaction."

> Indeed, a Florida court recently stated:
>
> "Transaction" is defined as "something transacted." *Transaction*, <u>The American Heritage Dictionary</u> (3d ed. 1994). "Transact" is defined as "to carry out or conduct (business or affairs)." *Transact*, <u>The American Heritage Dictionary</u> (3d ed. 1994).

*Williams v. Salt Springs Resort Ass'n, Inc.*, 298 So. 3d 1255, 1259 (Fla. 5th DCA 2020) (italics and underlining original). Clearly, the dictionary definitions of "transaction" and "transact" cited in *Williams* apply to the relationship and interactions of Plaintiff and BSM. As the Court recited in its summary judgment Order, Plaintiff affirmatively responded "to an internet advertisement about solar panels and filled out a questionnaire," which "asked screening questions to determine whether Bales would qualify for solar products or services." (Doc. 47 at 2.) Plaintiff "entered his cell phone number," whereupon "an agent of Bright Solar called him . . . and scheduled a phone appointment" with Plaintiff. (*Id.* at 2, 3.) Surely, the parties "transacted" in their communications to schedule the appointment (later canceled by Plaintiff); just as surely, BSM was "carry[ing] out or conduct[ing]" its "business or affairs" in contacting Plaintiff (with his consent) to

7

schedule an appointment with the ultimate goal of providing him with solar products, which was the reason Plaintiff affirmatively responded to the ad in the first place. (*See id.* at 2 (noting that BSM "runs call centers that only make phone calls to set appointments for representatives of authorized dealers to sell solar systems").)

It would be highly incongruous for the Florida Legislature to enact a private right of action for private litigants, providing for damages and injunctive relief among other remedies, if the pre-existing fee provision were not intended to apply to those private litigants, or only to undefined "transactions" between private litigants. Such an interpretation eliminates any basis for attorney's fees for virtually all FTSA cases, which uniformly have alleged unsolicited robotexts and robocalls as the basis for FTSA claims based on the first two years of private-plaintiff cases brought under the amended statute.[1] Such allegations do not remotely involve "an exchange of money for goods and services" as required by *Abbott*, meaning that no "prevailing party" – whether plaintiff or defendant – would have an entitlement to

---

[1] *See, e.g.*, *Delarosa v. Papa John's Int'l, Inc.*, 2023 WL 3057448, *1 (M.D. Fla. Apr. 24, 2023) (alleging an "automated, marketing text message without prior express written consent"); *Topalli v. PetSmart, LLC*, 2023 WL 2928301, *1 (M.D. Fla. Apr. 13, 2023) (alleging "Defendant made a telephonic sales call to Plaintiff's telephone without prior express written consent"); *Read v. Coty DTC Holdings, LLC*, 2023 WL 3431820, *1 (M.D. Fla. Apr. 11, 2023) ("Plaintiff alleges she received a text message from Defendant, which was made using an automated system to Plaintiff's cellular telephone without her prior written consent"); *Lawson v. Visionworks of America, Inc.*, 2023 WL 2653418, *1 (M.D. Fla. Mar. 6, 2023) (defendant "sent Plaintiff 'multiple' telemarketing text messages to his cellular telephone number"); *Calta v. Vision Solar FL, LLC*, 2022 WL 17730114, *1 (M.D. Fla. Dec. 16, 2022) (alleging defendant used "an automatic system to solicit Floridians with calls and texts messages without their express written consent").

attorney's fees if *Abbott* were adopted as the law post-2021 amendment. That cannot be what the Florida Legislature intended when it amended the FTSA in 2021.

### 2. The Post-Amendment Cases Make No Mention of the "Transaction" Limitation Plaintiff Proposes Here.

In contrast, the cases on FTSA attorneys' fees in the two years since the 2021 amendment have made no mention of *Abbott* or its narrow "transaction" ruling, further suggesting that *Abbott* is of questionable utility post-2021 amendment. Thus, in *Brown v. Care Front Funding*, 2023 WL 3098355, *1 (M.D. Fla. Apr. 6, 2023), the plaintiff alleged that "she received three unsolicited phone calls from Defendant for the purpose of persuading Plaintiff to obtain a business loan" in violation of the FTSA. The defendant failed to respond to the FTSA complaint and plaintiff moved for default judgment, including an award of attorney's fees under the FTSA. The Court quoted § 501.059(11)(a), including the "transaction" language; the Court denied the fee request not because there was no "transaction" but because the plaintiff did not establish an FTSA violation in the first instance. *Id.*, *6.

Furthermore, in *Carraha v. Weston Med Spa & Cosmetic Surgery, LLC*, 2023 WL 1765646, *1 (M.D. Feb. 3, 2023), the defendant moved to strike the plaintiff's demand for attorney's fees under the FTSA – not because there was no "transaction" involved but because, defendant alleged, the plaintiff's counsel split fees with non-lawyers in violation of Florida ethical rules. The Court denied the motion to strike

as premature – not because of the absence of a "transaction." *Id.*[2] Based on *Carraha* and *Brown*, it would seem that the courts are, logically, viewing § 501.059(11)(a) as permitting fees to a prevailing civil litigant in any FTSA case, regardless of the "transaction" language that, if *Abbott*'s reasoning were accepted, would practically invalidate the fee-shifting provision in private, civil FTSA cases such as this one.

### B. BSM Also Is Entitled to Mediator Fees as a Taxable Cost.

In addition to taxable costs under 28 U.S.C. § 1920, BSM also seeks an award of the fees of the mediator BSM was required to pay for the Court-ordered mediation. Specifically, as part of the Case Management Order, the Court ordered the parties to participate in a mediation. (Doc. 15 at 1.) Pursuant to information provided by the parties, the Court appointed a mediator and ordered the mediation to occur on October 18, 2022. (Doc. 21.) The mediation was unsuccessful, and the mediator reported an impasse to the Court on October 19, 2022. (Doc. 24.)

As Florida courts have held, "the case law in Florida holds that the costs of mediation can be awarded if the parties are required to mediate under a statute or court rule." *Elder v. Islam*, 869 So. 2d 600, 603 (Fla. 5th DCA 2004) (citing *Orlando Regional Medical Center, Inc. v. Chmielewski*, 573 So. 2d 876 (Fla. 5th DCA 1990)

---

[2] While not apparent from the opinion, the *Carraha* plaintiff alleged FTSA violations based on the plaintiff's receipt of "telemarketing texts from Defendant" to "advertise consumer spa services." *See Carraha v. Weston Med Spa & Cosmetic Surgery, LLC*, Case No. 6:22-cv-01755-WWB-EJK, Doc. 1 (Compl.), ¶¶ 12, 15.

10

*rev. denied*, 583 So. 2d 1034 (Fla. 1991)). In *Elder*, a case for Florida statutory violations like this one (there, for unpaid wages), the appellate court quoted the trial court's reasoning in awarding mediation fees. "**It's required by the court.** . . . So I'm finding that they are entitled to all of it [the mediation fees]." 869 So. 2d at 603 (emphasis original). The Fifth DCA held that it "agree[d] with the trial court's reasoning and affirm the award of mediation fees as a taxable cost." *Id.*; *see also Ledbetter v. Todd*, 418 So. 2d 1116, 1117 (Fla. 5th DCA 1982) (holding "the lower court should have awarded [plaintiff] the reasonable costs and expenses of the medical mediation process then required for the plaintiff").

The reasoning of *Elder* and other cases applies equally here. The parties were ordered to participate in a mediation, and did so at a total cost of $15,000, split evenly between the parties. The term "costs" as used in the FTSA, which is substantive law under *Erie*, should encompass mediator fees for court-required mediations.

## **CONCLUSION**

BSM respectfully requests that the Court rule that BSM is entitled to an award of (1) attorney's fees under the FTSA as the "prevailing party" in this litigation and (2) the costs in the form of its share of the mediator's fee incurred as a result of the Court-ordered mediation, along with such further relief deemed just and proper.

11

## Local Rule 3.01(g) Certification

The undersigned states that counsel for BSM conferred in good faith with counsel for Plaintiff by email on June 7 and 8, 2023, and by telephone on June 12, 2023, and represents that Plaintiff opposes this Motion.

Dated:  June 13, 2023.

*s/ Barry Goheen*
Irene Oria, Esq. (Fla. Bar No. 484570)
FISHERBROYLES, LLP
199 E. Flagler St., #550
Miami, Florida 33131
Telephone: (305) 536-2838
Facsimile:  (305) 536-2838
Email:  irene.oria@fisherbroyles.com

Barry Goheen, Esq. [pro hac vice]
FISHERBROYLES, LLP
4279 Roswell Road NE, Suite 208, #351
Atlanta, GA 30342
Telephone: (404) 793-3093
Facsimile:  (404) 793-3093
Email:  barry.goheen@fisherbroyles.com

*Counsel for Defendant, Bright Solar Marketing, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this 13th day of June, 2023, I electronically served the foregoing on counsel for Plaintiff identified on the Service List below.

By: s/ *Irene Oria*
Irene Oria, Esq.

## **SERVICE LIST**

Avi R. Kaufman
kaufman@kaufmanpa.com
Rachel E. Kaufman
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

Stefan Coleman
law@stefancoleman.com
LAW OFFICES OF
STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946